UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 485 |
| ) | |
| v. ) | Judge Charles R. Norgle |
| ) | Magistrate Judge Cole |
| NUGEN I.T., INC. , and DAYLE PHILLIPS ) | |
| ) | |
| Defendants. ) | JURY DEMAND |

**MOTION TO SET INITIAL STATUS CONFERENCE
OR, IN THE ALTERNATIVE, FOR LEAVE TO CONDUCT DISCOVERY**

Plaintiff, HyperQuest, Inc. ("HQ"), by and through its undersigned counsel, hereby moves this Honorable Court for the entry of an order setting this matter for an initial status conference on or before March 12, 2008. In the alternative, HQ respectfully requests leave to conduct discovery beginning no later than February 21, 2008. In support of its motion, HQ states as follows:

**Factual Background**

1. On January 22, 2008, HQ filed its single-count complaint against NuGen I.T., Inc. ("NuGen") and Dayle Phillips ("Phillips") for copyright infringement.

2. HQ is a provider of primarily internet-based technology products and services to insurance companies and others in the property and casualty insurance industry, including repair shops, professional appraisers and parts suppliers.

3. HQ has an exclusive license to use certain software originally called eDoc Express software.

4. NuGen is a competitor of HQ.

5. In or about October 2007, HQ learned that Phillips was working with

NuGen and marketing and selling NuGen's "Enterprise Workflow" application software.

6. Among other things, in attempting to secure new business from Metropolitan Life Insurance Company ("MetLife"), in or about October 2007, HQ learned that MetLife was considering a competing product from NuGen that was substantially similar to the eDoc Express software being marketed by HQ.

7. Phillips previously worked for the company that initially developed the eDoc Express software, Quivox Systems Incorporated ("Quivox").

8. Phillips also worked for Safelite Group Inc. f/k/a Safelite Glass Corp. ("Safelite") after Safelite acquired from Quivox, among other things, all rights to the eDoc Express software.

9. Phillips then worked intimately on the transition of the eDoc Express software from Safelite to HQ in 2003 and 2004, first as an employee of Safelite and then later as a consultant for HQ.

10. Given Phillips' prior history with respect to the eDoc software and the substantial similarity between NuGen's "Enterprise Workflow" software and the eDoc software, HQ believes that NuGen and Phillips have copied and incorporated protected original expression from the eDoc Express software without authorization, including original programs, original architecture, original process flow, original layout, original graphics, original textual material, original graphical user interface, and original database design.

**HQ's Attempts to Schedule a Rule 26(f) Conference with NuGen and Phillips**

11. HQ has a significant interest in ensuring that this litigation moves forward as promptly as possible given NuGen and Phillips ongoing infringement of HQ's rights.

12. With that interest in mind, on February 4, 2008, HQ sent a letter to NuGen and Phillips reminding them that their responsive pleadings are due February 12, 2008 and

advising them, among other things, that HQ would not be willing to agree to any extensions of time. See February 4, 2008 letter from counsel for HQ to D. Phillips, a copy of which is attached hereto as Exhibit A.

13. HQ also advised NuGen and Phillips that HQ wanted to set a Rule 26(f) conference as soon as possible and that HQ intended to promptly seek discovery in this case. Id.

14. On February 5, 2008, counsel for HQ received a call from local counsel for NuGen and Phillips requesting a two-week extension of time until February 26 to answer or otherwise plead.

15. On February 6, 2008, HQ informed NuGen and Phillips that despite HQ's previous letter advising that HQ would not agree to any extensions of time, HQ would agree to a one-week extension of time until February 19 if NuGen and Phillips would also agree to a prompt Rule 26(f) conference to take place on February 20.

16. On February 7, 2008, local counsel for NuGen and Phillips informed counsel for HQ that lead counsel for NuGen and Phillips actually wanted a three-week extension of time to answer or otherwise plead given time commitments to other matters.

17. Counsel for HQ informed counsel for NuGen and Phillips that HQ could not agree to a three week extension of time given HQ's significant interest in ensuring that NuGen and Phillips are not allowed to continue infringing HQ's rights and harming HQ in the marketplace. See February 7, 2008 email string between local counsel for NuGen and Phillips and counsel for HQ attached hereto as Exhibit B.

18. Counsel for HQ also reiterated HQ's request for a prompt Rule 26(f) conference and asked NuGen and Phillips to propose dates for such a conference. Id.

19. Despite additional phone calls to counsel for NuGen and Phillips on

February 8, as of this filing, NuGen and Phillips have not responded to HQ's repeated requests to schedule a Rule 26(f) conference.

### **Argument**

20.     Every week that goes by is another week that NuGen and Phillips are infringing HQ's rights and harming HQ in the marketplace.

21.     Rule 26(f) provides, among other things, that "the parties must, <u>as soon as practicable</u> and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), to discuss any issues related to preserving discoverable information, and to develop a proposed discovery plan …."  Fed.R.Civ.P. 26(f) (emphasis added).

22.     Under Local Rule 26.1, "the initial status hearing shall be the scheduling conference referred to in Fed.R.Civ.P. 26(f)."

23.     Accordingly, under applicable rules, the setting of an initial status hearing will determine the date by which the parties will be obligated to meet and confer pursuant to Rule 26(f).

24.     Absent order of this Court or agreement of the parties, HQ is not permitted to seek discovery from any source until after the initial Rule 26(f) conference.

25.     There is no reason for permitting NuGen and Phillips to avoid participation in a prompt Rule 26(f) conference which will permit them to delay the start of any discovery in this case and thereby enable them to continue infringing HQ's rights and harming HQ in the marketplace for a longer period of time.

26.     If this Court enters an order setting an initial status hearing on or before

March 12, 2008, the parties will be obligated to meet and confer pursuant to Rule 26(f) on or before February 20, 2008.  Accordingly, HQ will be permitted to serve its discovery requests beginning February 21, 2008, at which time NuGen and Phillips will have had the Complaint for over four weeks.

27. As an alternative to the foregoing request, an order permitting the parties to serve discovery beginning February 21, 2008 would similarly enable HQ to promptly seek the discovery it needs in order to move forward with this litigation and stop the continuing infringement of NuGen and Phillips.

WHEREFORE, Plaintiff HyperQuest, Inc. respectfully requests the entry of an order setting this matter for an initial status hearing on or before March 12, 2008, and for all other and further relief deemed appropriate by the Court.  In the alternative, HyperQuest, Inc. respectfully requests the entry of an order granting the parties leave to conduct discovery beginning no later than February 21, 2008.

Dated:  February 11, 2008

                                                HYPERQUEST, INC.

                                          By:  /s/ Deborah Rzasnicki Hogan
                                                 One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000