# Exhibit A

**GOLDBERG KOHN**  GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

February 4, 2008

deborah.hogan@goldbergkohn.com
direct phone: 312.201.3973
direct fax: 312.863.7473

**VIA EMAIL AND FEDERAL EXPRESS**

Mr. Dayle Phillips
NuGen I.T., Inc.
14151 W. 147th Street
Olathe KS 66062

Re:   HyperQuest, Inc. v. NuGen I.T., Inc. et al., Case No. 08 C 485

Dear Mr. Phillips:

We represent HyperQuest, Inc. ("HQ") in connection with the above-referenced matter. It is our understanding that you and NuGen I.T., Inc. ("NuGen") are currently unrepresented in connection with this matter. If we are mistaken, and you and/or NuGen have already retained counsel, please forward this letter to your attorneys and have them contact us.

As you know, HQ filed a Complaint for Injunctive Relief and Damages (the "Complaint") on January 22, 2008, which was served upon you and NuGen on January 23, 2008. Accordingly, responsive pleadings are due from you and NuGen on February 12, 2008. Please be advised that HQ will not agree to any extension of time for you or NuGen to answer or otherwise plead in response to the Complaint.

In addition, please contact us (or have your counsel contact us) as soon as possible to let us know when you (or counsel) is available either this week or next week to meet and confer pursuant to Federal Rule of Civil Procedure 26(f).

Finally, please be advised that HQ intends to promptly seek discovery from you and NuGen, including production of several categories of documents relevant to this litigation, or likely to lead to the discovery of admissible evidence, including but not limited to any and all documents, including electronic documents, storage media, e-mails, and back-up records, relating to the creation, development, marketing, sales, and revision of NuGen's "Enterprise Workflow" software, including any prior versions of that software, or any similar software developed by or on behalf of NuGen or its principals or employees.

Although you should already be on notice of your obligations to preserve the requested documents, we formally request that you and NuGen refrain from destroying, concealing, or altering any documents and, as required by law, take affirmative steps to preserve any documents, whether in hard copy or electronic form, including any data generated by or stored on computers, personal information systems, and storage media (including without limitation hard disks, floppy disks, CD-ROMs, DVD-ROMs, and back-up tapes), or any other electronic data, including without limitation electronic mail, voice mail, personal information

GOLDBERG KOHN BELL BLACK ROSENBLOOM & MORITZ, LTD

February 4, 2008
Page 2

management data, and data created with the use of personal digital assistants ("PDAs"). Moreover, to the extent that the normal operation of your and/or NuGen's document retention and destruction process would result in the inadvertent destruction of otherwise discoverable materials, that process must be suspended. Your failure to comply with this notice can result in sanctions being imposed by an appropriate court for spoliation of evidence or potential evidence.

As you may be aware, electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. This "meta-data" includes, but is not limited to, information regarding by whom and when the documents were created, edited, accessed, and printed. Therefore, in the event of litigation, even where a paper copy exists, we intend to seek discoverable documents in their electronic form along with information about those documents contained on electronic media. In addition, the documents that you and NuGen must preserve include electronically stored data which may not be readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, that act alone does not typically eliminate the file from the device upon which it resides. Unless the file is overwritten with new data, all that is "deleted" is the operating system's reference to the file on the user interface. The file itself still exists, and is recoverable and discoverable. In order to avoid spoliation, you and NuGen will be required to provide the data requested on the original media in its unaltered form.

The documents that you and NuGen must preserve also include paper printouts of those documents that contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions, along with any paper documents for which no corresponding electronic files exist.

In order to assure that your obligation and the obligation of NuGen to preserve documents and things will be met, please forward a copy of this letter to all agents, persons, and entities with custodial responsibility for the items referred to in this letter.

If you have any questions, please do not hesitate to contact me. In addition, I look forward to hearing from you or your counsel shortly regarding possible dates and times to meet and confer pursuant to Rule 26(f).

Sincerely,

Deborah Rzasnicki Hogan

cc:    Mr. Peter Tagliapietra (via email)

# Exhibit B

**Maciejewski, Bonnie**

| | |
|---|---|
| From: | Hogan, Deborah |
| Sent: | Thursday, February 07, 2008 12:06 PM |
| To: | Monte Mann |
| Subject: | RE: Extension |

Monte:

I tried to reach you by phone about an hour ago to discuss this further. As I said in my voicemail, though, I don't think that we are going to be able to reach an agreement on this.

If I understand your email of this morning correctly, your clients are asking for an additional 3 weeks of time beyond their initial response date of February 12 to answer or otherwise plead. That would take us to March 4, by which time your clients would have had almost 6 weeks to file a responsive pleading to a fairly straightforward single-count complaint for copyright infringement.

While my client does not wish to be unreasonable, my client has a significant interest in making sure that this matter moves along at a reasonable pace given that every additional week that goes by your client continues to infringe my client's rights and harm my client in the marketplace.

In addition, as I explained yesterday, it is important to my client to promptly schedule a Rule 26(f) conference so that we can begin discovery.

My understanding of the applicable rules with respect to the mandatory Rule 26(f) conference is different than yours as expressed below.

Under Local Rule 26.1, the initial status hearing "shall be the scheduling conference referred to in Fed.R.Civ.P. 26(f)." That "scheduling conference" that is "referred to" in Rule 26(f) is the Rule 16(b) scheduling conference – not the Rule 26(f) conference itself.

Pursuant to Rule 26(f), the parties are to meet and confer at least 21 days in advance of the Rule 16(b) scheduling conference. In other words, under our local rules and Judge Norgle's standing order, the parties are to meet and confer pursuant to Rule 26(f) at least 21 days in advance of the initial status hearing. Nothing in the rules prevents the parties from agreeing to meet and confer more than 21 days in advance of the initial status hearing.

Please let me know if your client is willing to agree to schedule a prompt Rule 26(f) conference and, if so, on what date or dates you or lead counsel is available.

I look forward to hearing from you.

Sincerely,

Debbie

1

```
-----Original Message-----
From: Monte Mann [mailto:MMann@novackandmacey.com]
Sent: Thursday, February 07, 2008 8:43 AM
To: Hogan, Deborah
Subject: RE: Extension
```

The reason the extension is sought is due to lead counsel's preexisting schedule over the next few weeks, which involves numerous depositions in New York and a trial in Omaha. I am told that, given this schedule, 2 weeks is actually overly optimistic and that 3 weeks is required. Additionally, the Local Rules and Judge Norgle's home page provide that the Court's first case management hearing is deemed to be the Rule 26(f) conference.

Monte L. Mann
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606-1501
312.419.6900
mmann@novackandmacey.com
www.novackandmacey.com


The information contained in this electronic mail transmission is confidential and intended to be sent only to the stated recipient of the transmission. If you are not the intended recipient or the intended recipient's agent, you are hereby notified that any review, use, dissemination, distribution or copying of this communication is strictly prohibited. You are also asked to notify us immediately by telephone at 312.419.6900 and to delete this transmission with any attachments and destroy all copies in any form. Thank you in advance for your cooperation.


```
-----Original Message-----
From: Hogan, Deborah [mailto:Deborah.Hogan@goldbergkohn.com]
Sent: Thursday, February 07, 2008 8:01 AM
To: Monte Mann
Subject: RE: Extension
```

Monte:

As I said yesterday, if there is a good reason why your clients need a 2 week extension that is something I can discuss with my client. But I need to know whether your clients would be willing to agree to a prompt Rule 26(f) conference if my client agrees to the lengthier extension. I have an 8 am meeting, but will be able to check email again and/or talk after 9:30.

Debbie

```
-----Original Message-----
From: Monte Mann [mailto:MMann@novackandmacey.com]
Sent: Thursday, February 07, 2008 7:46 AM
To: Hogan, Deborah
Subject: Extension
```

2

Debbie

Lead cousel for Defendants cannot prepare a response any sooner due to previously set depositions and a trial.  Accordingly, based on our teleconference yesterday,  we will seek an extension from the Court.
----------------------------
Sent from my BlackBerry