UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 485 |
| ) | |
| v. ) | Judge Charles R. Norgle |
| ) | Magistrate Judge Cole |
| NUGEN I.T., INC. , and DAYLE PHILLIPS ) | |
| ) | |
| Defendants. ) | JURY DEMAND |

**OPPOSITION TO MOTION OF NUGEN AND PHILLIPS FOR EXTENSION OF TIME**

Plaintiff, HyperQuest, Inc. ("HQ"), by and through its undersigned counsel, hereby files its opposition to the motion of NuGen I.T., Inc. ("NuGen") and Dayle Phillips ("Phillips") requesting a three-week extension of time until March 4, 2008, to answer or otherwise plead to the single-count Complaint of HQ for copyright infringement initially filed on January 22, 2008 and promptly served on January 23.

As explained in more detail in HQ's Motion to Set Initial Status Conference or, in the Alternative, for Leave to Conduct Discovery ("Motion to Set Initial Status Conference"), HQ has a significant interest in ensuring that this litigation moves forward as promptly as possible given NuGen and Phillips ongoing infringement of HQ's rights. See Motion to Set Initial Status Conference, filed contemporaneously herewith, ¶¶ 1-11 and 20.

With that interest in mind, on February 4, 2008, HQ sent a letter to NuGen and Phillips reminding them that their responsive pleadings are due February 12, 2008 and advising them, among other things, that HQ would not be willing to agree to any extensions of time. See February 4, 2008 letter from counsel for HQ to D. Phillips, a copy of which is attached to HQ's Motion to Set Initial Status Conference as Exhibit A. HQ also advised NuGen and Phillips that

HQ wanted to set a Rule 26(f) conference as soon as possible and that HQ intended to promptly seek discovery in this case. Id.

On February 5, 2008, counsel for HQ received a call from local counsel for NuGen and Phillips requesting a two-week extension of time until February 26 to answer or otherwise plead. On February 6, 2008, HQ informed NuGen and Phillips that despite HQ's previous letter advising that HQ would not agree to any extensions of time, HQ would agree to a one-week extension of time until February 19 if NuGen and Phillips would also agree to a prompt Rule 26(f) conference to take place on February 20.

On February 7, 2008, local counsel for NuGen and Phillips informed counsel for HQ that lead counsel for NuGen and Phillips actually wanted a three-week extension of time to answer or otherwise plead given time commitments to other matters. Counsel for HQ informed counsel for NuGen and Phillips that HQ could not agree to a three week extension of time given HQ's significant interest in ensuring that NuGen and Phillips are not allowed to continue infringing HQ's rights and harming HQ in the marketplace. See February 7, 2008 email string between local counsel for NuGen and Phillips and counsel for HQ attached to HQ's Motion to Set Initial Status Conference as Exhibit B. Counsel for HQ also reiterated HQ's request for a prompt Rule 26(f) conference and asked NuGen and Phillips to propose dates for such a conference. Id.

Despite additional phone calls to counsel for NuGen and Phillips on February 8, as of this filing, NuGen and Phillips never responded to HQ's repeated requests to schedule a Rule 26(f) conference. Instead, NuGen and Phillips simply filed their motion for extension of time.

Every week that goes by is another week that NuGen and Phillips are infringing

HQ's rights and harming HQ in the marketplace.  The fact that unidentified "lead counsel" for NuGen and Phillips may have time commitments to other matters should not be permitted to result in unnecessary and unreasonable delay of these proceedings, and an additional three week period of time to respond to a straightforward single-count complaint for copyright infringement is both unnecessary and unreasonable under the circumstances.  HQ does not know who "lead counsel" for NuGen and Phillips is because local counsel has never identified them.  Accordingly, HQ does not know if there is another lawyer at "lead counsel's" firm who could assist with the drafting and filing of a responsive pleading.  Nonetheless, NuGen and Phillips do have qualified local counsel who should be perfectly capable of providing such assistance if lead counsel truly cannot find the time to work on the responsive pleading himself or herself.  The scheduling issues of counsel should not be permitted to override HQ's significant interest in stopping the continuing infringement of NuGen and Phillips.

      WHEREFORE, Plaintiff HyperQuest, Inc. respectfully requests the entry of an order denying Defendants' Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint for Injunctive Relief and Damages.

Dated:  February 11, 2008

                              HYPERQUEST, INC.

                              By:  /s/ Deborah Rzasnicki Hogan
                                       One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 11, 2008, she caused a copy of the attached **OPPOSITION TO MOTION OF NUGEN AND PHILLIPS FOR EXTENSION OF TIME** to be served via the Court's electronic notification system upon:

> Monte L. Mann
> Kristen Werries Collier
> Novack and Macey LLP
> 100 North Riverside Plaza
> Chicago, IL 60606

By:   /s/ Deborah Rzasnicki Hogan