UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION & TO DISMISS DEFENDANT PHILLIPS FOR FAILURE TO MAKE A SPECIAL SHOWING OF PERSONAL LIABILITY |
| v. | |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

## INTRODUCTION

Plaintiff brought this suit against a NuGen, I.T., Inc. ("NuGen"), a Nevada corporation, and Dayle Phillips, a Kansas resident, without stating any facts in its Complaint to establish the propriety of this suit in the Northern District of Illinois or any facts sufficient to extend personal liability to Dayle Phillips. As the Declarations of Phillips and of John "Pete" Tagliapietra make clear, neither NuGen nor Phillips have sufficient contacts with the forum requisite to establish personal jurisdiction over either of them. Phillips' limited contacts with Illinois are subject to the fiduciary shield doctrine defense. Plaintiff has not made a showing that Phillips could be personally liable for the alleged copyright infringement, and he should be dismissed on that basis alone, while Defendants respectfully submit that this matter should be dismissed for lack of personal jurisdiction as to them both.

## FACTS

### Dayle Phillips

Dayle Phillips is the President, Secretary, Treasurer, and shareholder of co-defendant, NuGen. (Ex. A, Phillips Declaration ¶3). Phillips resides in Olathe, Kansas and does not conduct business personally or through NuGen in the State of Illinois. (*Id.* at ¶4). He does not

own property or have an office in Illinois, is not registered to conduct business in Illinois, and has never had a telephone number or a mailing address in Illinois. (*Id.* at ¶¶6-8). Phillips has never lived in Illinois, never voted in Illinois, and has never been liable for any income tax in Illinois. (*Id.* at ¶9).

Phillips testifies that, other than changing airplanes at Chicago's O'Hare Airport, he has been in the State of Illinois only twice in 2004 for short-term knowledge transfer assignments, in his capacity as an employee of Safelite, Inc. (*Id.* at ¶11). He also testifies that he had no involvement with Plaintiff following his employment with Safelite, and further, that contrary to the allegations in the Complaint ¶¶26-27, he was never employed by the Plaintiff, and the Plaintiff never issued a W-2, 1099, or any other document demonstrating the existence of an employment relationship with Phillips. (*Id.* at ¶13).

### Nugen I.T., Inc.

NuGen was incorporated in the State of Nevada on January 4, 2006. (*Id.* at ¶5). Defendant Phillips is familiar with NuGen's day-to-day operations (*id.* at ¶3), as is John "Pete" Tagliapietra, NuGen's majority shareholder. (Ex. B, Tagliapietra Declaration ¶2). All of NuGen's officers, shareholders, and employees are non-Illinois residents. (Phillips Declaration at ¶10; Tagliapietra Declaration at ¶4). NuGen does not own or lease property in Illinois. (Phillips Declaration at ¶6; Tagliapietra Declaration at ¶6). NuGen is not registered to do business in Illinois, and has not conducted or solicited business there. (Phillips Declaration at ¶7; Tagliapietra Declaration at ¶¶5, 7-8). Plaintiff's Complaint contains allegations of a transaction involving an allegedly infringing product which occurred between MetLife and NuGen. (ECF 1 at ¶34). Mr. Tagliapietra testifies that any negotiations for NuGen's business with MetLife, which is headquartered in Providence, Rhode Island, were conducted by him, and that any such negotiations occurred in Albany, New York. (Tagliapietra Declaration at ¶9).

## ARGUMENT

### Personal Jurisdiction

When faced with a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), a plaintiff bears the burden of making a prima facie showing that jurisdiction over the defendant is proper. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In considering the motion, the Court accepts all well pleaded allegations as true unless controverted by affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). If a defendant proffers affidavits contesting personal jurisdiction, a plaintiff must meet those assertions with affirmative evidence that supports the presence of jurisdiction. *Purdue*, 338 F.3d at 783. "Due process measures the limits of personal jurisdiction by the strength of the relationship between the defendant and the forum state." *Glass v. Kemper Corp.*, 930 F.Supp. 332, 338 (N.D. Ill. 1996). Federal due process requires the defendants have "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))).

Subject to due process requirements, a court may exercise two types of personal jurisdiction over out-of-state defendants, either general or specific. *Id.* General jurisdiction arises when the non-resident defendant has continuous and systematic general business contacts with the forum state which are so substantial and of such a nature as to justify a lawsuit against the defendant on causes of action unrelated to its activities within the forum state. *Id.* (citations omitted). Specific jurisdiction arises when the defendant's contacts with the forum are related to the controversy underlying the litigation. *Id.* at 339 (citations omitted). However, under Illinois due process principles, a defendant may raise the "fiduciary shield" defense to specific jurisdiction; *i.e.*, a court cannot exercise jurisdiction over a non-resident defendant who has

3

performed acts in Illinois solely as a representative of his employer, and not for his personal benefit. *Id.* at 340 (citations omitted).

As the Declarations of Phillips and Tagliapietra make clear, NuGen has had absolutely no contacts with the State of Illinois. Plaintiff's Complaint contains no allegations to the contrary. There is no basis upon which NuGen can be fairly or reasonably haled into this forum, and it should be dismissed as a Defendant for lack of personal jurisdiction.

Dayle Phillips' contacts with Illinois are limited to his role as a Safelite employee during two discrete business trips in 2004. Plaintiff does not allege Phillips' conduct during those trips as a basis for its copyright allegations. Even if those contacts were alleged to be a basis for this lawsuit, and even if they were deemed sufficient to establish personal jurisdiction, which Phillips does not concede, the fiduciary shield defense would preclude this Court's exercise of jurisdiction over Phillips. *See Glass*, 930 F.Supp. at 340 (holding that personal jurisdiction is improper over a nonresident defendant whose acts within the forum state are undertaken solely as a representative of his employer, and not for his personal benefit). Phillips, too, should be dismissed as a Defendant for lack of personal jurisdiction.

### **Personal Liability**

Defendant Phillips also asks this Court to dismiss this matter as to him pursuant to Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standard applied to Rule 12(b)(6) claims. *FM Industries, Inc. v. CitiCorp Credit Services, Inc.*, 2007 WL 4335264, *4 (N.D. Ill. December 5, 2007) (citing *Guise v. BWM Mortgage, LLC*, 377 F.3d 795 (7th Cir. 2004)). (A copy of this case is attached hereto as Exhibit C.) The Court may consider documents attached as exhibits to the pleading or incorporated by reference in the pleadings without converting the motion to a summary judgment motion. *Id.* (citing *United States v. Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991)).

4

For personal liability to extend to Phillips as a corporate officer, a "special showing" must be made that he acted willfully and knowingly and personally participated in the infringing activities or otherwise used NuGen to carry out his own deliberate infringement. *Id.* (citing *The Drink Group, Inc. v. Gulfstream Communications, Inc.*, 7 F.Supp.2d 1009, 1010 (N.D. Ill. 1998)). The only allegation in Plaintiff's Complaint pertaining to Phillips individually states, "Phillips directs and controls the activities complained of herein. Phillips, therefore, is responsible in an individual capacity for the acts and practices complained of herein." (ECF 1, Complaint at ¶40). This allegation does not meet the "special showing" standard. *FM Industries*, 2007 WL 4335264 at * 4 (dismissing defendants where plaintiff made no concrete factual allegations that the defendants had infringed on a copyright for some improper personal purpose or that they acted outside the scope of their employment).

Plaintiff's allegations as to Phillips' alleged infringement fall short of the "special showing" requirement that Phillips acted willfully and knowingly, and personally participated in infringing activities or otherwise used NuGen to carry out his own deliberate infringement. Accordingly, this matter should be dismissed as to Defendant Phillips.

## CONCLUSION

Based upon the foregoing, Defendants NuGen, I.T., Inc. and Dayle Phillips respectfully ask this Court to enter its Order:

1. Dismissing them both for lack of personal jurisdiction;
2. Dismissing this matter against Defendant Phillips for failure to make a special showing that he could be held personally liable;
3. Awarding Defendants' fees and costs incurred in bringing this Motion; and
4. Awarding such other, further, and different relief, as this Court deems just.

Dated this 4th day of March, 2008.

        Respectfully submitted,

        NOVACK AND MACEY LLP

By:   /s/ Kristen Werries Collier
     Monte L. Mann
     Kristen Werries Collier
     NOVACK AND MACEY LLP
     100 North Riverside Plaza
     Chicago, IL 60606-1501
     Phone: (312) 419-6900
     Fax:   (312) 419-6928
     mmann@novackandmacey.com
     kwc@novackandmacey.com

        and

     Mark J. Peterson *(admitted pro hac vic)*
     Nora M. Kane *(admitted pro hac vic)*
     STINSON MORRISON HECKER LLP
     1299 Farnam Street, 15th Floor
     Omaha, Nebraska 68102-1818
     Phone: (402) 342-1700
     Fax:   (402) 930-1701
     mpeterson@stinson.com
     nkane@stinson.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of March, 2008, I electronically filed the foregoing Memorandum In Support Of Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction & To Dismiss Defendant Phillips For Failure To Make A Special Showing Of Personal Liability using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD
55 East Monroe, Suite 3300
Chicago, IL  60603
deborah.hogan@goldbergkohn.com
chad.blumenfield@goldbergkohn.com

/s/ Kristen Werries Collier
Kristen Werries Collier