UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON THE DEFENDANTS' MOTION TO DISMISS |
| v. | |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

### INTRODUCTION

Defendants respectfully ask this Court to enter its Order staying discovery in this matter until such time as the Court has ruled upon Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And To Dismiss Defendant Phillips For Failure To Make A Special Showing Of Personal Liability.[1] All appropriate factors considered in deciding whether to grant a stay of discovery weigh in favor of Defendants, as discussed below.

### ARGUMENT

As set forth in Defendants' Memorandum in Support of their Motion to Dismiss [ECF 25], neither of the named Defendants have contacts with the State of Illinois sufficient to bestow personal jurisdiction with this Court. A stay of discovery is appropriate when the material facts are undisputed. *Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Stays are also deemed appropriate where the subject of the motion to dismiss is a threshold one, such as jurisdiction. *Id.* (citing *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 US 72, 79-80 (1988)).

Further, and as discussed in Defendants' Memorandum in Support of their Motion to

---

[1] Counsel for Plaintiff has declined to stipulate to a stay of discovery

Dismiss, Plaintiff has failed to make a "special showing" that personal liability can be extended to Defendant Phillips. Stays are often deemed appropriate where the motion to dismiss can resolve the case—at least as to the moving party. *In re Sulfuric Acid Antitrust Litigation*, 231 FRD 331, 337 (N.D. Ill. 2005) (citations omitted); *see also Bilal v. Wolf*, 2007 WL 1687253 (N.D. Ill. 2007) (granting motion to stay discovery and discussing widespread acceptance and appropriateness of such a stay) (a copy of this case is attached hereto as Exhibit A).

A stay of discovery is also appropriate where discovery will not help to resolve a motion that may dispose of the claim to which the discovery relates. *Sprague v. Brook*, 149 FRD 575, 577-78 (N.D. Ill. 1993). Here, Defendants have submitted compelling evidence to support their Motion To Dismiss For Lack Of Personal Jurisdiction, and have demonstrated that Plaintiff has failed to make the requisite "special showing" to extend personal liability to individual Defendant Dayle Phillips for copyright infringement. Certainly, subjecting the Defendants to expensive and unnecessary discovery, when it is unlikely that the Court will exercise personal jurisdiction over the parties and improbable that personal liability could be extended to Phillips, would be extremely prejudicial. It is possible that the Court will grant Defendants' Motion to Dismiss, thereby disposing of the claims against both Defendants, and thereby eliminating the need for discovery.

## CONCLUSION

Based upon the foregoing, Defendants NuGen, I.T., Inc. and Dayle Phillips respectfully ask this Court to enter its Order staying discovery until such time as the Court has ruled upon Defendants' Motion To Dismiss For Lack Of Personal Jurisdiction And To Dismiss Defendant Phillips For Failure To Make A Special Showing Of Personal Liability.

Dated this 4th day of March, 2008.

        Respectfully submitted,

        NOVACK AND MACEY LLP

        By:   /s/ Kristen Werries Collier
            Monte L. Mann
            Kristen Werries Collier
            NOVACK AND MACEY LLP
            100 North Riverside Plaza
            Chicago, IL 60606-1501
            Phone: (312) 419-6900
            Fax:    (312) 419-6928
            mmann@novackandmacey.com
            kwc@novackandmacey.com

        And

            Mark J. Peterson *(admitted pro hac vice)*
            Nora M. Kane *(admitted pro hac vice)*
            STINSON MORRISON HECKER LLP
            1299 Farnam Street, 15th Floor
            Omaha, Nebraska 68102-1818
            Phone: (402) 342-1700
            Fax:    (402) 930-1701
            mpeterson@stinson.com
            nkane@stinson.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

Kristen Werries Collier hereby certifies that on this 4th day of March, 2008, she electronically filed the foregoing **Memorandum In Support Of Defendants' Motion To Stay Discovery Pending The Court's Ruling On The Defendants' Motion To Dismiss** using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

>Deborah Rzasnicki Hogan
>Chad A. Blumenfield
>GOLDBERG, KOHN, BELL, BLACK,
>  ROSENBLOOM & MORITZ, LTD
>55 East Monroe, Suite 3300
>Chicago, IL  60603
>deborah.hogan@goldbergkohn.com
>chad.blumenfield@goldbergkohn.com

/s/ Kristen Werries Collier