# EXHIBIT A

**Westlaw.**

Slip Copy                                                                                                          Page 1
Slip Copy, 2007 WL 1687253 (N.D.Ill.)
(Cite as: Slip Copy)

C
Bilal v. Wolf
N.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Karris A. BILAL, Plaintiff,
v.
Marcia Topper WOLF and Dawn Lawkowski, Defendants.
No. 06 C 6978.

June 6, 2007.

Karris A. Bilal, The Bilal Law Firm, Chicago, IL, pro se.
Rosalyn B. Kaplan, Wendy J. Muchman, Attorney Registration & Disciplinary Commission, John Paul Heil, Jr., Richard Seth Shippee, Cook County State's Attorney, Chicago, IL, for Defendants.

### MEMORANDUM OPINION

JEFFREY COLE, Magistrate Judge.

*1 In brief, the plaintiff's suit alleges that Ms. Wolf and Ms. Lawkowski engaged in misconduct in connection with a pending disciplinary proceeding presently pending before the Attorney Registration and Disciplinary Commission, Ms. Wolf is with the ARDC and Ms. Lawkowski is with the Cook County Public Guardian. The hearing board of the ARDC recently issued a formal recommendation that plaintiff be suspended for a period of 18 months and until he completes a course in professional ethics. The disciplinary case is pending before the ARDC's review board. The complaint purports to state claims for damages and other relief against Ms. Wolf who was the ARDC attorney who investigated and prosecuted the case against the plaintiff. The defendants seek a stay of discovery pending the district court's ruling on the motions to dismiss which are based on claims of absolute and qualified immunity. Judge Andersen has referred the matter here.

District courts have extremely broad discretion in controlling discovery. *Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir.2002). Under Rules 26(c) and (d), Federal Rules of Civil Procedure, a court may limit the scope of discovery or control its sequence. *Britton, supra.* Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted, although the mere filing of the motion does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Industries, Inc.,* 852 F.2d at 945. Nor does it mean that a court will automatically grant a stay pursuant to Rule 26(c) simply because a defendant asks for one. *See Von Drake v. National Broadcasting Co., Inc.,* 2004 WL 1144142 at *2 (N.D.Tex. May 20, 2004); *Builders Ass'n of Greater Chicago v. City of Chicago,* 170 F.R.D. 435, 437 (N.D.Ill.1996); *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange,* No. 99 C 3223, 1999 WL 731773, *1 (N.D.Ill.Aug.31, 1999); *Moore v. PaineWebber,* 1997 WL 12805 (S.D.N.Y.1997). But such stays are granted with substantial frequency.[FN1] Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion,[FN2] and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir.1997).

> FN1. *See, e.g., Moore v. Potter,* 2005 WL 1600194 at *4 (11th Cir .2005); *Chaudhry v. Mobil Oil Corp.,* 186 F.3d 502 (4th Cir.1999); *Gilbert v. Ferry,* 401 F.3d 411 (6th Cir.2005); *In re: Southeast Banking Corp.,* 204 F.3d 1322 (11th Cir.2000); *Brever v. Rockwell Internat'l Corp.,* 40 F.3d 1119 (10th Cir.1994); *Institut Pasteur v. Chiron,* 315 F.Supp.2d 33, 37 (D.D.C.2004) ("It is well settled that discovery is generally considered inappropri-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

FN2. See *Brever v. Rockwell Internat'l Corp.,* 40 F.3d 1119 (10th Cir.1994). In securities cases, there is an automatic stay of discovery under the Private Securities Litigation Reform Act of 1995. *Wyser-Pratte Management Co. v. Telxon Corp.,* 413 F.3d 553, 559 (6th Cir.2005).

Numerous cases in this circuit have even allowed stays in the face of a Rule 12(b)(6) challenge.[FN3] Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party, *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir.1999); *Builders Ass'n of Greater Chicago,* 170 F.R.D. at 437, or where the issue is a threshold one, such as jurisdiction, *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79-80, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988), standing, *Builders Ass'n,* 170 F.R.D. at 437, or, as here, raises questions of qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

FN3.*See, e.g., Flakes v. Frank,* 2005 WL 1276370 (W.D.Wis.2005); *Mossman v. Dental Enterprises,* 2005 WL 1174150 (N.D.Ind.2005); *Nauman v. Abbott Laboratories,* 2005 WL 1139480 (N.D.Ill.2005); *Malone v. Clark,* 2004 WL 2053284 (W.D.Wis.2004); *Cataldo v. City of Chicago,* 2002 WL 91903 (N.D.Ill.2002); *Hill v. Amoco Oil,* 2001 WL 293628 (N.D.Ill.2001); *Cooper v. Harris,* 1999 WL 261742 (N.D.Ill.1999); *Johnson v. Indopco, Inc.,* 846 F.Supp. 670 (N.D.Ill.1994); *R.E. Davis Chemical Corp. v. Nalco Chemical Co.,* 757 F.Supp. 1499 (N.D.Ill.1990); *DeSmet v. Snyder,* 653 F.Supp. 797 (E.D.Wis.1987); *Stokes v. City of Chicago,* 1986 WL 12311 (N.D.Ill.1986); *CBOE, Inc. v. Connecticut General Life Insurance Co.,* 95 F.R.D. 524 (N.D.Ill.1982); *Rosas v. Lane,* 1985 WL 2906 (N.D.Ill. Sept.26, 1985), *Contra Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D.Cal.1990).

**\*2** Indeed, in *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), the Court repeated its caution in *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) that " '[u]ntil this *threshold* immunity question is resolved, discovery should not be allowed.' " (Emphasis in original).*See also Landstrom v. Illinois Dept. of Children and Family Services,* 892 F.2d 670, 674 (7th Cir.1990); *Brush v. Rinne,* 68 F.3d 547 at \*1 (10th Cir.1995); *Swart v. Pitcher,* 95 F.3d 109 at \*1 (6th Cir.1993). Protracted discovery is the "banc of modern litigation." *Rossetto v. Pabst Brewing Cor., Inc.,* 217 F.3d 539, 542 (7th Cir.2000) (Posner, J.). It is the often excessive and time-consuming burdens discovery imposes on the resources and energies of litigants that the Supreme Court has made clear ought to be postponed until the threshold question of immunity is resolved. The defendants' motions to stay discovery [29] and [31] are granted.

N.D.Ill.,2007.
Bilal v. Wolf
Slip Copy, 2007 WL 1687253 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.