UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | |
| v. | REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION & TO DISMISS DEFENDANT PHILLIPS FOR FAILURE TO MAKE A SPECIAL SHOWING OF PERSONAL LIABILITY |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

## INTRODUCTION

As noted in Defendants' Opening Brief, when a defendant proffers affidavits contesting personal jurisdiction, a plaintiff must meet those assertions with affirmative evidence that supports the presence of jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Instead of responding with admissible evidence, Plaintiff instead submitted a largely self-serving declaration, laden with hearsay, irrelevant statements, factual inaccuracies, and sheer speculation.

Statements by Mr. Hogan's unidentified "business contacts" and other non-parties are, by definition, inadmissible hearsay. He offers no foundation for his unsupported opinions regarding how Defendant NuGen conducts business. Simply because NuGen's customers might ultimately conduct business with their own customers in Illinois does not mean NuGen itself has conducted business in Illinois. Mr. Hogan's inflammatory speculation about what NuGen "would have done"—but didn't—if it had secured a contract with MetLife is just that, pure speculation, and consequently, irrelevant.

Hogan's negotiations with Dayle Phillips do not and cannot support an assertion of

personal jurisdiction.  Even if they provided basis for minimum contacts, which Defendants do not concede, Plaintiff has failed to demonstrate why the fiduciary shield doctrine does not protect Phillips in his capacity as an employee of Safelite and / or NuGen during any prior negotiations *or* during the alleged infringement.  Defendants respectfully submit Plaintiff has not and cannot meet its burden to show that this Court's exercise of jurisdiction over the Defendants is proper.

Finally, Plaintiff's reliance on *Janmark, Inc. v. Reidy,* 132 F.3d 1200 (7th Cir. 1997), is misplaced.  The "effects" test is not a substitute for a minimum contacts analysis, and Plaintiff has failed to establish minimum contacts by either Defendant.

## ARGUMENT

**I.    OBJECTIONS TO DECLARATION OF JEFFREY J. HOGAN.**

Defendants respectfully object to the following portions of Mr. Hogan's Declaration (ECF 38, Exhibit "A") and submit that they are not properly before the Court when ruling on this Motion:

| DECLARATION | OBJECTION UNDER FED. R. EVID. |
| --- | --- |
| ¶¶8, 9, 10, 11, 21, 28, 55, 63, 64, 65, 66, 67, 68, 69, 71, 73, 74, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 | Hearsay, Rule 802 |
| ¶¶13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 45, 49, 50, 51, 52, 53, 55, 56, 61, 63, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 | Relevance, Rule 402 |

**II.   PLAINTIFF HAS FAILED TO ADDUCE EVIDENCE TO SHOW THAT PERSONAL LIABILITY CAN BE EXTENDED TO DAYLE PHILLIPS**

Despite HyperQuest's litany of insinuations relating to conversations that Dayle Phillips may have had with HyperQuest, it does not change the fact that he was a Safelite employee, and that he was in Illinois in his capacity as a Safelite employee.  Even if Mr. Phillips acted in an individual capacity at any time, which Defendants do not concede, there is no allegation of any

tortious conduct committed by Mr. Phillips individually or on behalf of NuGen at any time, anywhere.

In fact, there is no factual allegation whatsoever regarding any tortious conduct by Mr. Phillips. On the contrary, Plaintiff's sole allegation pertaining to Mr. Phillips is the unsupported statement that he "controls or directs the activities of NuGen." (ECF 1, Complaint at ¶40). Even in HyperQuest's 150+ page response, there are no allegations—let alone evidence—that Mr. Phillips acted tortiously in any respect.[1] Thus, HyperQuest has failed in its burden to make a "special showing" that Phillips acted willfully and knowingly and personally participated in the infringing activities or otherwise used NuGen to carry out his own deliberate infringement, and Phillips must thereby be dismissed. *FM Industries, Inc., v. CitiCorp Credit Services, Inc.,* 2007 WL 4335264, *4 (N.D. Ill. December 5, 2007) (filed at ECF 25, Ex. C) (dismissing individual defendants where plaintiff made no concrete factual allegations that the defendants infringed on a copyright for some improper personal purpose or that they acted outside the scope of their employment) (citation omitted).

### III. THERE IS NO FACTUAL SUPPORT FOR HYPERQUEST'S ALLEGATIONS THAT NUGEN COMMITTED TORTIOUS ACTS IN ILLINOIS

HyperQuest argues that NuGen tortiously infringed upon HyperQuest's software rights based upon the parties' competition for the MetLife business. (ECF 38, HQ Opposition at 13). HyperQuest has not controverted Mr. Tagliapietra's Declaration wherein he testifies that he negotiated for the MetLife business in Albany, New York, not in Illinois. (ECF 25, Ex. B, ¶9). Instead, HQ spends an inordinate amount of time arguing what NuGen "might have done" in Illinois *if* it had been awarded the MetLife contract. (ECF 38, HQ Opposition at 14-15).

---

[1] HQ's statement that it "has alleged that Phillips. . .was personally involved in the infringement of HQ's rights," (HQ Opposition at 1), is wholly unsupported by any citation to any fact or any evidence.

Clearly, this speculation does not constitute evidentiary support for an allegation that NuGen has minimum contacts with Illinois, and certainly is not evidence that NuGen committed a tort in Illinois.

Next, HyperQuest argues that NuGen conducts its business over the Internet and therefore may be subject to jurisdiction in Illinois. HyperQuest also states that NuGen has an interactive website. The first thing to note is that HyperQuest fails to provide a shred of evidence to support this statement—not even a NuGen website address!

In his supplemental Declaration, Mr. Tagliapietra testifies that NuGen maintains password-protected websites, which are only accessible to NuGen's customers, and that NuGen's customers' customers do *not* have access to the accused software. (Ex. A, attached hereto). He further testifies that NuGen has not authorized anyone in Illinois to access the websites, and if access is occurring, it is without NuGen's consent. *Id.* As Mr. Tagliapietra testified in his initial Declaration, NuGen does not conduct business in Illinois and has no customers or sales there. (ECF 25, Tagliapietra Declaration, ¶¶8-9). This testimony is uncontroverted.

HyperQuest now attempts to argue (in statements supported only by hearsay), that because NuGen's customers' customers may ultimately utilize information generated by NuGen's customers from the accused software, and that because such use *might* occur in Illinois, that this somehow creates some contact sufficient for the forum to exercise jurisdiction over the corporation. This is a tortured and attenuated connection, but more importantly, it is simply not an accurate statement of the law. *Cf. Dakota Beef, LLC v. Pigors,* 445 F.Supp.2d 917 (N.D. Ill. 2006) (dismissing for lack of personal jurisdiction where Defendant had interactive website, yet no orders were ever delivered, to Illinois or elsewhere).

### IV. THE EFFECTS TEST CANNOT SUBSTITUTE FOR THE MINIMUM CONTACTS ANALYSIS

Plaintiff's reliance on *Janmark, Inc. v. Reidy,* 132 F.3d 1200 (7th Cir. 1997), is curious, as it acknowledges that the "effects" test is not dispositive, and not a substitute for the minimum contacts analysis. Plaintiff has failed to establish (1) NuGen's minimum contacts with this forum, or (2) any tortious act in this forum or elsewhere; or (3) an injury. A *Janmark* analysis would thus be inappropriate, if not impossible. Where contacts are non-existent, the exercise of jurisdiction is inappropriate. *Cf. Medallion Products, Inc., v. H.C.T.V., Inc.,* 2007 WL 3085913 (N.D. Ill. October 18, 2007) (dismissing Defendant where contacts were so attenuated that it would violate the due process clause of the Fourteenth Amendment to exercise *in personam* jurisdiction) (attached hereto as Exhibit B).

### CONCLUSION

Based upon Plaintiff's abject failure to establish minimum contacts sufficient for the forum to exercise personal jurisdiction, coupled with its failure to make a special showing why Mr. Phillips should be held personally liable for the alleged infringement, Defendants respectfully submit that this matter should be dismissed as to them both.

Dated this 14th day of April, 2008.

    Respectfully submitted,

    NOVACK AND MACEY LLP

    By:  s/ **Nora M. Kane**
        Mark J. Peterson (*pro hac vice*)
        Nora M. Kane (*pro hac vice*)
        STINSON MORRISON HECKER LLP
        1299 Farnam Street, 15th Floor
        Omaha, Nebraska  68102-1818
        Phone:  (402) 342-1700
        Fax:     (402) 930-1701
        mpeterson@stinson.com
        nkane@stinson.com

And

Monte L. Mann
Kristen Werries Collier
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL  60606-1501
Phone:  (312) 419-6900
Fax:     (312) 419-6928
mmann@novackandmacey.com
kwc@novackandmacey.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of April, 2008, I electronically filed the foregoing Reply Brief in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction & to Dismiss Defendant Phillips for Failure to Make a Special Showing of Personal Liability using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
   ROSENBLOOM & MORITZ, LTD
55 East Monroe, Suite 3300
Chicago, IL  60603
deborah.hogan@goldbergkohn.com
chad.blumenfield@goldbergkohn.com

 s/ *Nora M. Kane*
Nora M. Kane