# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION FOR PROTECTIVE ORDER** |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

Come now, the Defendants, NuGen I.T., Inc. and Dayle Phillips (hereafter collectively "NuGen"), and ask this Court to enter a Protective Order disqualifying the Goldberg Kohn law firm.  In support of this Motion, Defendants state as follows:

1.      Deborah Hogan, lead counsel for Plaintiff HyperQuest, Inc., is married to the President of HyperQuest, Inc., Jeffrey Hogan.

2.      It is believed that Ms. Hogan's father and father-in-law are involved in HyperQuest, Inc.'s business activities, including its negotiation for additional business.  Ex. 1, Phillips Declaration.

3.      It is anticipated in this litigation that most, if not all, documents responsive to either party's discovery requests will entail the exchange of proprietary, confidential, private or commercially-sensitive documents, upon which the Defendants intend to affix the designation HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, in accordance with the parties' previously negotiated Protective Order.

4.      It is virtually inevitable that Ms. Hogan will be unable to separate her interests in this matter as a lawyer, wife to her client's President, and daughter and daughter-in-law to other persons involved in this family business.

5.      Further, it is likely that as wife to the President of HyperQuest, Ms. Hogan has a financial interest in the outcome of this matter.

6.      Ms. Hogan's knowledge cannot be separated from her firm's knowledge.

7.      Counsel certifies that good faith efforts were made to resolve this issue without the Court's involvement during the Rule 26 Planning Teleconference and in subsequent written correspondence, but that the parties reached impasse.

8.      Counsel further certifies that this Motion is brought in good faith and is not intended for delay, harassment, or other improper purpose.

Defendants are unaware of any caselaw with these particular facts, but notes that it is inherent in a court's power to regulate the professional conduct of attorneys admitted to its bar and included in that is the power and duty to disqualify an attorney from participating in a particular case when there is a conflict of interest or other ethical impropriety which may prejudice an adversary or mar the public perception of the judicial system. "The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration . . . that a court may disqualify an attorney for failing to avoid even the appearance of impropriety." *Commonwealth Ins. Co. v. Stone Container Corp.,* , 178 F.Supp.2d 938, 943 (N.D. Ill. 2001) (quoting *International Business Machines Corp. v. Levin,* 579 F.2d 271, 283 (3d Cir.1978)).

Based on the foregoing, Defendants ask that this Court grant its Motion for Protective Order, disqualify Goldberg Kohn as counsel for Plaintiff, granting HyperQuest time to retain other counsel, and for such other, further, and different relief as this Court deems just and equitable.

Dated this 29th day of April, 2008.

Respectfully submitted,

NUGEN I.T., INC. and DAYLE PHILLIPS

By: s/ *Nora M. Kane*
   Mark J. Peterson (*pro hac vice*)
   Nora M. Kane (*pro hac vice*)
   STINSON MORRISON HECKER LLP
   1299 Farnam Street, 15th Floor
   Omaha, Nebraska  68102-1818
   Phone:  (402) 342-1700
   Fax: (402) 930-1701
   mpeterson@stinson.com
   nkane@stinson.com

And

   Monte L. Mann
   Kristen Werries Collier
   NOVACK AND MACEY LLP
   100 North Riverside Plaza
   Chicago, IL  60606-1501
   Phone:  (312) 419-6900
   Fax: (312) 419-6928
   mmann@novackandmacey.com
   kwc@novackandmacey.com

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 29th day of April, 2008, I electronically filed the foregoing Defendants' Motion for Protective Order using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD
55 East Monroe, Suite 3300
Chicago, IL  60603
deborah.hogan@goldbergkohn.com
chad.blumenfield@goldbergkohn.com

                                          s/ ***Nora M. Kane***
                                          Nora M. Kane