UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
Eastern Division

Hyperquest, Inc.
                        Plaintiff,

v.                                            Case No.: 1:08−cv−00485
                                                             Honorable Charles R. Norgle Sr.

Nugen I.T., Inc., et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, April 30, 2008:

      MINUTE entry before Judge Honorable Jeffrey Cole:On 4/29/08, the defendants filed a "Motion For Protective Order" [46], which seeks to "disqualify[ ] the Goldberg Kohn law firm." The motion cites only one case to support the general proposition that "'a court may disqualify an attorney for failing to avoid even the appearance of impropriety.'" The motion goes on to state that the defendants "are unaware of any case law with [the] particular facts"; set forth in the motion, namely that the plaintiff's counsel is married to the plaintiff's President and her father and father−in−law are involved in its business activities. The fear expressed in the motion is that Ms. Hogan, who is the plaintiff's lead counsel, will be exposed to documents designated, "highly confidential − attorneys eyes only." The motion does not quite say that Ms. Hogan will be incapable of honoring those designations because of her relationship to the plaintiffs' President and her alleged "financial interest in the outcome of this matter." In any event, it is certainly the theory of the motion that disqualifying Ms. Hogan and her firm is necessary to avoid the appearance of impropriety. The motion is obviously important, although the underlying issues may not be nearly as novel as the motion seems to suggest. The motion certainly cannot be decided on the basis of an otherwise unanalyzed general proposition, see Lochner v. New York, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting); Daubert v. Merrell Dow, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part); IFC Credit Corp. v. Aliano Bros. General Contractors, Inc., 437 F.3d 606, 611 (7th Cir. 2006)(Posner, J.), and the issues raised in the motion require a more comprehensive analysis than that given it by the motion, which seems susceptible to the concerns expressed in Kyles v. J.K. Guardian Security Services, 236 F.R.D. 400 (N.D.Ill. 2006) and to the Seventh Circuit's repeated refusal to accept perfunctory presentations. See Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 964 n. 1 (7th Cir.2004); Pruitt v. City of Chicago, 472 F.3d 925 (7th Cir.2006); Intern., Inc. v. Abbott Laboratories, 297 F.3d 544, 548 (7th Cir.2002) ("Motions that simply assert a conclusion without the required reasoning, however, have no prospect of success."); Bretford Mfg., Inc. v. Smith System Mfg. Corp., 419 F.3d 576, 581 (7th Cir.2005) ( "It is not our job to do the legal research that Bretford has omitted."); United States v. Amerson, 185 F.3d 676, 689 (7th Cir.1999) (given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.). The plaintiff need not file a response to the motion before the hearing on Friday, 5/2/08. Telephoned and mailed

notice(cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.