# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | **Case No. 08 C 485** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Judge Charles R. Norgle** |
| NUGEN I.T., INC.  and DAYLE | ) | **Magistrate Judge Cole** |
| PHILLIPS | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

## STIPULATION AND PROTECTIVE ORDER

Plaintiff HyperQuest, Inc. f/k/a HQ, Inc. ("HQ"), and Defendants Nugen I.T, Inc. ("NuGen") and Dayle Phillips ("Phillips"), by their respective undersigned counsel, hereby agree to the entry of this Stipulation and Protective Order ("Protective Order").

1.    This Protective Order shall govern the designation, disclosure and use of all documents and things, testimony and other discovery responses containing or incorporating confidential information as hereinafter defined ("Confidential Information") produced, given or otherwise provided in this litigation (the "Action").

2.    The term "Confidential Information" shall refer to any information or thing that is conveyed by one of the parties or a non-party (also referred to herein as the "Disclosing Party") to any other Party (the "Receiving Party") in connection with the litigation of this Action that the Disclosing Party claims, in good faith, to be protected as a trade secret, or information of a proprietary, confidential, private or commercially sensitive nature.  Documents, materials, statements, testimony, or other information to be treated under this Stipulation and Protective Order as Confidential Information shall include:

(a)    Any documents, materials or other information disclosed by a Party that the Disclosing Party claims to be its trade secrets or confidential, private, proprietary, or commercially sensitive information, provided that the Disclosing Party marks such documents materials or information with one of the following legends:

**CONFIDENTIAL**
**Subject to Protective Order**
or
**HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY**
**Subject to Protective Order**

(b)    Documents produced pursuant to Rule 34(b) as they are kept in the usual course of business where the Disclosing Party has designated such Documents consistent with one of the legends set forth in Paragraph 2(a) above in its Response to a Party's Request for Production of Documents; and

(c)    Copies, reproductions, notes, summaries, excerpts, and compilations of documents, materials, or other information set forth in subparagraphs 2(a) and 2(b) above.

3.    If any information that the Disclosing Party claims is Confidential Information is inadvertently disclosed to the Receiving Party without being properly designated as Confidential Information, the Disclosing Party may so notify the Receiving Party. If the Disclosing Party gives such notice, its right to designate such documents, materials, or other information Confidential Information under this Protective Order shall not be deemed to have been waived. Upon receipt of notice as provided for in this paragraph, the Receiving Party shall return the original and all known copies of the documents, materials, or other information to the Disclosing Party so that they may be properly designated.

4.    Confidential Information designated "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" under Paragraph 2(a) of this Protective Order shall be disclosed only to: (i) attorneys and non-attorney support staff working for a law firm with an

appearance on file for a party in this Action; (ii) outside experts or consultants retained for the purposes of this litigation and their employees in accordance with Paragraph 9 below; (iii) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this Action, and their assistants engaged in work relating to this Action; and (iv) employees of an independent commercial service as needed to make copies, photographs, or other images of documents or other tangible things.    Confidential Information designated as "CONFIDENTIAL" under Paragraph 2(a) may be disclosed to Party representatives, officers, directors and employees of the Parties that need to have access to the information for purposes of this litigation, in addition to those entitled to receive Confidential Information designated as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY".  In addition, this Stipulation and Protective Order shall not prevent the disclosure, during a deposition, of a document containing Confidential Information to a deponent who was an employee or consultant of the Disclosing Party when the document containing the Confidential Information was created.  Such deponent may be shown such document during the course of his or her deposition for the purpose of determining whether that document was previously received by or shown to that deponent. Confidential Information may be disclosed to any such deponent that authored, received or was previously shown the document containing the Confidential Information.

   5. Any party shall have the right to apply to the Court, after efforts by counsel to resolve the matter, for an order permitting further disclosure or declassification of Confidential Information hereunder upon a showing that such is necessary to an adequate preparation of the movant's case, is otherwise necessary to protect the interests of such party, that the designation of Confidential Information was unnecessary, unjustified, or otherwise

inappropriate within the contemplation of this Stipulation, or for any other just cause. The party contending that information has been properly designated as Confidential under this Protective Order has the burden to show that such information is in fact Confidential. The party requesting disclosure or declassification shall adhere to all terms of this Protective Order except to the extent permitted by the Court's ruling on such application. Furthermore, the Court retains jurisdiction to recast any material designated as Confidential as a public document.

Confidential Information shall be used solely for the prosecution or defense of the claims in this matter, and shall not be used for any other business, commercial, competitive, personal, or other purpose or in or as a predicate to any other litigation. However, no party shall be precluded from using knowledge of the existence of information designated Confidential under this order for the purpose of conducting discovery or formulating discovery requests in other litigation between parties to this action or their affiliates.

Confidential Information shall not be disclosed by any party or counsel to any other person, except as permitted herein. Nothing shall prevent general disclosure beyond the terms of this Protective Order if the party who produced such information consents in writing in advance to such disclosure.

6.    If any deposition, trial or hearing testimony discloses Confidential Information, counsel shall advise the court reporter of the same within 14 days after the testimony is initially transcribed. The court reporter shall then separate those portions of the testimony which have been so designated and shall mark the face of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

seal that portion of the transcript.  This portion of the transcript will be treated as Confidential Information pursuant to the terms of this Protective Order.  All transcripts and exhibits from depositions taken in this Action shall be treated as containing information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until and including fourteen (14) days after initial transcription of said deposition transcript.  The parties may also designate the entire deposition testimony of a witness as containing Confidential Information.  If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain Confidential Information.

7.     Each independent expert and consultant referred to in Paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as "Exhibit A," agreeing to be bound by the terms of this Protective Order.  Counsel of record for each party shall maintain the original signed acknowledgments.  Nothing in this Protective Order makes discoverable the identity, opinion, or work product of any expert consultant or expert witness.  Discovery of information relating to expert consultants or expert witnesses shall be governed by the Federal Rules of Civil Procedure.

8.     The terms of this Protective Order shall also apply to any notes, summaries, abstracts or analyses prepared by counsel, expert witnesses, or expert consultants who have access to Confidential Information and which reflect any underlying Confidential Information, or observations or conclusions drawn therefrom.

9.     Upon the completion of any proceedings in this matter including appeals, the parties' counsel shall collect all Confidential Information, which shall be treated,

respectively, as follows: (a) the parties' counsel may retain a copy of court filings containing or referencing Confidential Information and a copy of each deposition transcript containing such information, subject to the terms of this Protective Order; (b) all documents marked as "Confidential" shall be returned to counsel for the party who produced it (exclusive of any documents marked as "Confidential" that are in electronic form ("Electronically Stored Information")); and (c) all other Confidential Information (exclusive of any Electronically Stored Information) shall be collected by the parties' counsel and destroyed, with written notice of destruction provided to opposing counsel.  With respect to Electronically Stored Information, the parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from counsels' active systems and the systems of others retained by counsel such as the computers and systems of outside experts and consultants.  Such systems specifically include active email servers, active document management systems, and active litigation support databases. The parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recover systems, or from any other source which is not reasonably accessible because of undue burden or cost.  Any Confidential Information so retained by outside counsel shall be maintained pursuant to this Protective Order, and by retaining information, that outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

10.    Any party or other person or entity receiving Confidential Information and thereby agreeing to abide by the Protective Order's terms, agrees that the Confidential Information disclosed pursuant to this Protective Order: (a) shall be kept strictly confidential; (b) is not for the use or benefit of any person or entity unrelated to this matter; and (c) shall

not be communicated, disclosed or publicized to anyone unrelated to this matter, either directly or indirectly, by inference or otherwise, whether through counsel or otherwise.

11.    All parties, persons and entities producing or receiving Confidential Information acknowledge that: (a) compliance with the provisions set forth in this Protective Order is necessary to protect the business, goodwill, and Confidential Information of the Disclosing Party; (b) a disclosure in breach of this Protective Order may irreparably and continually harm the Disclosing Party; (c) any unauthorized disclosure of Confidential Information or violation of this Protective Order shall subject the violator to this Court's contempt power; and (d) any unauthorized disclosure shall be a sufficient basis for the Court to award damages to the Disclosing Party upon proof thereof plus any and all reasonable attorneys' fees and costs incurred by the Disclosing Party in enforcing the Protective Order. Nothing in this Protective Order shall be construed to prohibit the Disclosing Party from also pursuing any other legal or equitable remedies, the parties having agreed that all remedies are to be cumulative.

12.    In the event disputes regarding interpretation of this Protective Order arise, counsel shall first make a good faith effort to resolve such disputes informally, and only if the disputes cannot be informally resolved, counsel shall request the Court to determine if any violation has occurred.

13.    The failure of any party to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party or non-party, is or is not entitled to

particular protection or that such information does or does not embody trade secrets of any party or non-party. The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

14.    The fact that information is designated Confidential Information shall not be determinative of what the Court ultimately may conclude to be confidential or proprietary.

15.    If a Receiving Party is served with a subpoena seeking Confidential Information issued by any court, or any administrative or legislative body, or any other person or entity purporting to have authority to issue the subpoena, the Receiving Party shall not produce Confidential Information until that Receiving Party first: (i) promptly notifies the Disclosing Party of the subpoena; (ii) informs the person or entity requesting disclosure of the existence of this Stipulation and Protective Order; and (iii) allows the Disclosing Party a reasonable opportunity to move to quash the subpoena.

16.    Nothing in this Stipulation and Protective Order shall be deemed to be, or construed as, an admission that any Confidential Information is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any Confidential Information at trial.

17.    The restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information which: (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party, or (iii)

has come or shall come into the Receiving Party's legitimate possession independently of Disclosing Party.

18.    Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all person or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Order.

AGREED:


HYPERQUEST, INC.


By:    _____
       One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG KOHN BELL BLACK
   ROSENBLOOM & MORITZ, LTD.
 55 East Monroe Street
 Suite 3300
 Chicago, Illinois  60603
 (312) 201-4000

NUGEN I.T., INC.


By:    _____
       One of Its Attorneys

Mark J. Peterson
Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, Nebraska 68102-1818

Monte L. Mann
Kristen Werries Collier
Novack and Macey LLP

100 North Riverside Plaza
Chicago, IL 60606

DAYLE PHILLIPS

By: _____
     One of His Attorneys

Mark J. Peterson
Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, Nebraska 68102-1818

Monte L. Mann
Kristen Werries Collier
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606

## **DECLARATION**

I, _____, a _____ in this
           (Name)                      (Position)

action, hereby declare that on this _____ day of _____ I read the Protective

Order entered in **HyperQuest, Inc. v. Nugen I.T., Inc., and Dayle Phillips,** Case No. 08 C

485, and I agree to be bound by all of its terms and conditions.


_____
               (Signature)

# EXHIBIT B

## Hogan, Deborah

| | |
|---|---|
| **From:** | Kane, Nora M. [NKane@stinson.com] |
| **Sent:** | Wednesday, April 16, 2008 5:58 PM |
| **To:** | Blumenfield, Chad A. |
| **Cc:** | Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann |
| **Subject:** | RE: Call tomorrow |

Chad:

Sorry if my message was not clear. I will supplement when I got back from trial. You may expect the supplement by Monday, April 28, 2008. I can think of no reason why we would speak before then.

Nora

## Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

---

**From:** Blumenfield, Chad A. [mailto:chad.blumenfield@goldbergkohn.com]
**Sent:** Wednesday, April 16, 2008 5:54 PM
**To:** Kane, Nora M.
**Cc:** Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann
**Subject:** RE: Call tomorrow

We are certainly not asking for "make work," we are asking for the documents you intend to use to support your claims or defenses. This is a very routine request.
We ask again: please give us a date by which you will commit to supplementing your 26(a)(1) disclosures in accordance with your obligations under the Rules.

In an effort to move this process forward, we would also like to take you up on your offer to discuss this further by phone on Thursday, April 24. Please let us know when you are available for a call on that date.

Thank you.

---

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or

(2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

---

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Wednesday, April 16, 2008 4:49 PM
**To:** Blumenfield, Chad A.
**Cc:** Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann
**Subject:** RE: Call tomorrow

Chad:

Your request, coming a month after the Disclosures were served, is transparently "make work." My earlier e-mail discloses my schedule. When I return from trial, I will review our Disclosure and increase the length of the list of categories of documents. The location of all the documents is in Kansas.

Nora

**Nora M. Kane**
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

---

**From:** Blumenfield, Chad A. [mailto:chad.blumenfield@goldbergkohn.com]
**Sent:** Wednesday, April 16, 2008 4:18 PM
**To:** Kane, Nora M.
**Cc:** Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann
**Subject:** RE: Call tomorrow

We understand your response to suggest that you do not plan to provide any documents pursuant to Rule 26(a) (1) because you do not believe the Federal Rules require you to do so. In our experience, most litigants typically comply with Rule 26(a)(1) by providing a very general description of the documents and then producing the actual documents themselves, rather than trying to describe the documents in any detail. If, however, NuGen and Phillips intend to only provide a description of documents and not the documents themselves in order to fulfill their Rule 26(a)(1) disclosures, the general description of documents set forth in your disclosures of March 18 is insufficient. Please let us know if and when you intend to supplement your current disclosures with a description of the documents that will satisfy your obligations under Rule 26. If you do not intend to provide either a more detailed description of the documents, or the documents themselves, we intend to request an order from Magistrate Judge Cole requiring you to do so.

Please also note that Judge Cole's calendar indicates that he is not sitting this week. Tomorrow's status hearing still appears on the docket, and we have not heard back from his chambers about it being cancelled, but we wanted to let you know.

We look forward to hearing from you.

---

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com |

www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Wednesday, April 16, 2008 10:38 AM
**To:** Blumenfield, Chad A.
**Cc:** Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann
**Subject:** RE: Call tomorrow

Chad:

Rule 26 does not include a duty of production, this is squarely addressed in the Advisory Notes.

Nora

**Nora M. Kane**
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

**From:** Blumenfield, Chad A. [mailto:chad.blumenfield@goldbergkohn.com]
**Sent:** Wednesday, April 16, 2008 10:12 AM
**To:** Kane, Nora M.
**Cc:** Hogan, Deborah; Bourg, Janeen L.
**Subject:** RE: Call tomorrow

Nora,

As I said in my email, we need to discuss when the parties will produce the documents identified in the Rule 26(a)(1) disclosures. We would propose that we make the exchange next week. Given that the Rule 26(a)(1) disclosures were made in mid-March, and it is now mid-April, we would hope and expect that NuGen will agree to that timing. In light of the status hearing tomorrow before Judge Cole, please let us know today NuGen's position on when it will produce the documents identified in the Rule 26(a)(1) disclosures served on March 18.

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web

site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Wednesday, April 16, 2008 8:49 AM
**To:** Blumenfield, Chad A.
**Cc:** Hogan, Deborah; Bourg, Janeen L.
**Subject:** RE: Call tomorrow

I am not sure what we need to talk about, but I am pretty well tied up with witness preparation for a trial next week, and Mark is on the road for depositions.  Let's either do it by e-mail or meet by phone next Thursday.

## Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

**From:** Blumenfield, Chad A. [mailto:chad.blumenfield@goldbergkohn.com]
**Sent:** Tuesday, April 15, 2008 4:57 PM
**To:** Kane, Nora M.
**Cc:** Hogan, Deborah
**Subject:** Call tomorrow

Nora,

Are you free for a call tomorrow afternoon to discuss discovery issues, particularly the time to exchange documents related to the 26(a) disclosures?  We are free any time after 2:00, please let me know if that would work for you.

Thank you,
Chad

Chad A Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT C

## Hogan, Deborah

| | |
|---|---|
| **From:** | Blumenfield, Chad A. |
| **Sent:** | Wednesday, April 23, 2008 4:53 PM |
| **To:** | Kane, Nora M. |
| **Cc:** | Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann |
| **Subject:** | RE: Call tomorrow |
| **Attachments:** | GKLIB-#1557685-v3-NuGen_Protective_Order.DOC |

Nora,

Pursuant to Magistrate Judge Cole's order today that the parties promptly exchange the documents relating to their 26(a) disclosures, we would like to clarify whether you plan to produce these documents on Monday, April 28 per your earlier email. We understand that you will want a protective order entered before you produce certain documents; we will also need a protective order in order to produce some documents. To that end, we are attaching a draft protective order that we hope you will find acceptable. If at all possible, please give us any comments you may have on this proposed protective order by this Friday at noon so that we may finalize the protective order this week.

If it would be helpful to discuss any of these issues by phone, we would be happy to do so. Thank you.

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Wednesday, April 16, 2008 5:58 PM
**To:** Blumenfield, Chad A.
**Cc:** Hogan, Deborah; Bourg, Janeen L.; Kristen Werries Collier; Monte Mann
**Subject:** RE: Call tomorrow

Chad:

Sorry if my message was not clear. I will supplement when I got back from trial. You may expect the supplement by Monday, April 28, 2008. I can think of no reason why we would speak before then.

Nora

**Nora M. Kane**
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102

# EXHIBIT D

.



STINSON

MORRISON

HECKER LLP

Nora M. Kane
(402) 930-1740
NKane@stinson.com
www.stinson.com

1299 Farnam Street, 15th Floor
Omaha, NE 68102

April 24, 2008

*Tel* (402) 342-1700
*Fax* (402) 829-8733

**VIA EMAIL** chad.blumenfield@goldbergkohn.com

Chad A. Blumenfield
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd
55 East Monroe, Suite 3300
Chicago, IL  60603

Re:    HyperQuest, Inc. v. NuGen I.T., Inc., et al.
Case No. 1:08-cv-00485

Chad:

As you know, I was in trial this week and returned today.  I was surprised to hear that Judge Cole would issue any kind of an order without a motion, notice, and an opportunity to be heard.  Regardless, I thought you and I had agreed that on Monday, April 28, 2008, I would supplement our Rule 26 disclosures to more clearly set forth what categories of documents may be pertinent to this action.  I have never promised documents to you prior to the timeline of Rule 34.  We have been operating, as we were reasonably justified in doing, on the fact that our discovery is not due until May 14, 2008.  Accordingly, I have not yet traveled to NuGen's headquarters to review its documents.  I plan to travel to Kansas City on April 28 or 29, 2008, in order to complete such a review.  We will be unable to produce anything until I have had this opportunity.

I have not seen Judge Cole's written Order yet, so do not how "promptly," as used by you, is defined.  I believe, however, based upon scheduling issues, our reasonable expectation that we had until May 14 to disclose any discovery responses, and our agreement, as stated above, would lead a reasonable person, or a judge, to conclude that production of any documents by next week, or the discovery deadline, would be reasonably prompt.  If you disagree, please advise, and we can either work something out, or agree to disagree and I can seek protection from the Court.

As for your proposed Protective Order, as I prioritize the tasks that awaited my return, it appears unlikely that we will be able to meet your self-imposed deadline,.  In any event, I relayed our position to you some time ago, *i.e.*, that no confidential documents will be produced unless and until Deborah Hogan has removed herself from this case, absent a Court Order to the contrary.  My clients do not feel it is appropriate that the wife of the President of the Plaintiff be allowed access to their highly-confidential documents, yet purport to not be sharing this information with her client / husband with whom she presumably lives.  This may not

KANSAS CITY

OVERLAND PARK

WICHITA

WASHINGTON, D.C.

PHOENIX

ST. LOUIS

OMAHA

JEFFERSON CITY

DB04/811922.0003/416298.1

Chad A. Blumenfield
April 24, 2008
Page 2

be a technical conflict, but it certainly has the appearance of impropriety, and causes my clients to be insecure of her ability to keep their trade secrets confidential and not disclose them to her husband.

I believe this covers everything that we need to address at this time. If we need to speak by telephone to make any good faith efforts at negotiating the Protective Order, I should be in my office all day Friday.

Respectfully,

**STINSON MORRISON HECKER** LLP

*Nora M. Kane*

NMK:jb

cc/email:     NuGen I.T., Inc.
              Deborah R. Hogan
              Monte L. Mann
              Kristen Werries Collier
              Mark J. Peterson

# EXHIBIT E

## Hogan, Deborah

| | |
|---|---|
| **From:** | Kane, Nora M. [NKane@stinson.com] |
| **Sent:** | Tuesday, April 29, 2008 4:19 PM |
| **To:** | Hogan, Deborah |
| **Cc:** | Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.; Blumenfield, Chad A.; Peterson, Mark J. |
| **Subject:** | RE: Response |

Debbie:

I apologize if our position was not clear, I think yours is a fair question. We do not think you or your firm should continue to act in this matter because of your relationship with the Plaintiff, because we do not think you should have access to "highly confidential" documents, which will necessarily be disclosed in discovery.

They are "highly confidential" and we do not want you to see them, so I cannot list them for you here. You may assume it would include any documents which my clients consider proprietary to their business and which they would not want disclosed to a competitor. We are not intending to disparage you in any sense here; however, my clients do not perceive how you can keep their confidential information from your husband. I would expect the same argument from you if I were married to Dayle Phillips or Pete Tagliapietra. We both know that your husband and my clients are engaged in a fiercely competitive business.

I am unaware of any Rule requiring me to respond to your inquiry about document production before the date has arrived or passed.

As for a teleconference, we cannot change our position regarding your disqualification, so we think any attempts to discuss it would be futile, and respectfully decline the invitation.

Nora

## Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

---

**From:** Hogan, Deborah [mailto:Deborah.Hogan@goldbergkohn.com]
**Sent:** Tuesday, April 29, 2008 3:33 PM
**To:** Kane, Nora M.
**Cc:** Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.; Blumenfield, Chad A.; Peterson, Mark J.
**Subject:** RE: Response

Nora:

Please clarify your objection. I initially understood your position to be that you objected to me having access to "highly confidential" documents on the basis that I am married to Jeff Hogan, the President of HyperQuest. Based on your email below, I am not sure I understand the scope of your objection. Your email below suggests

not only that you object to me having access to certain "highly confidential" documents but that you object to any continued involvement by me and my firm in this matter.

In addition, if the objection is related to access to "highly confidential" documents, please clarify which documents it is that NuGen intends to produce that it views as "highly confidential."

Also, you still have not responded to our inquiry as to whether you will agree to produce non-confidential documents by May 2 and other confidential or highly confidential documents within 1 business day after the entry of an appropriate protective order. We assume from your silence that you stand by your initial position that you will not be producing documents until your responses to our written document requests are due, despite Judge Cole's order to the contrary. If we are mistaken, please let us know.

Finally, to ensure that we have made every effort to resolve these issues ourselves before involving Judge Cole, we suggest that we have a call instead of just communicating by email. I am available for the remainder of the day and can be available tomorrow anytime between 10:30 am and 2:00 pm. Please let me know if you are willing to participate in a call to attempt to resolve these issues and, if so, what time will work for you.

Sincerely,

Debbie Hogan

---

Deborah Hogan | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.201.3973 | direct fax 312.863.7473 | deborah.hogan@goldbergkohn.com | www.goldbergkohn.com

---

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

---

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

---

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Tuesday, April 29, 2008 2:11 PM
**To:** Hogan, Deborah
**Cc:** Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.; Blumenfield, Chad A.; Peterson, Mark J.
**Subject:** RE: Response

Assuming that is the only change, and subject to our concerns regarding your firm remaining involved in this matter, it is acceptable to us.

Nora

**Nora M. Kane**
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

**From:** Hogan, Deborah [mailto:Deborah.Hogan@goldbergkohn.com]
**Sent:** Tuesday, April 29, 2008 10:48 AM
**To:** Kane, Nora M.
**Cc:** Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.; Blumenfield, Chad A.
**Subject:** RE: Response

Nora:

Per Chad's email of last night, attached is a revised draft of the proposed protective order. The only change is the removal of the language relating to the 20 day issue in Paragraph 3.

Sincerely,

Debbie

---

Deborah Hogan | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.201.3973 | direct fax 312.863.7473 | deborah.hogan@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

---

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

---

**From:** Blumenfield, Chad A.
**Sent:** Monday, April 28, 2008 9:02 PM
**To:** 'Kane, Nora M.'
**Cc:** Hogan, Deborah; Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.
**Subject:** RE: Response

We are amenable to taking out the language relating to the 20 day issue and will circulate a revised version shortly reflecting that change. After making that change, our intent is to file the proposed protective order with the Court and to advise Judge Cole that we believe that the protective order should be entered as submitted and that the parties disagree on only one point. We will advise him that we have asked you for any authority you have to support your argument that Ms. Hogan should be precluded from viewing the confidential materials, but that you have not provided any. Renewing our earlier request, if you intend to provide us with any such authority, please do so by noon tomorrow.

We have also not yet heard back from you regarding our request that you produce documents by May 2, so we may need to proceed with a motion to compel as well. Can you confirm that you will produce all documents relating to the 26(a) disclosures that you do not consider confidential by May 2, and that you will produce responsive documents relating to the 26(a) disclosures that you do consider confidential on May 2 or one business day after the Court resolves the protective order issue? Please let us know by noon tomorrow.

---

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

---

4/30/2008

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

---

**From:** Kane, Nora M. [mailto:NKane@stinson.com]
**Sent:** Monday, April 28, 2008 9:59 AM
**To:** Blumenfield, Chad A.
**Cc:** Hogan, Deborah; Kristen Werries Collier; Monte Mann; Bourg, Janeen L.; Peterson, Mark J.
**Subject:** RE: Response

Chad:

Putting aside the issue of Ms. Hogan's access to highly confidential information, to which we cannot agree, the protective order is acceptable with one exception. Paragraph 3 provides that in the event of inadvertent disclosure of confidential information, the Disclosing Party must give notice of such within 20 days of the disclosure itself. We have seen situations where the disclosure is not discovered for a longer period than 20 days, and do not believe a party should be precluded from "clawing back" the inadvertent disclosure if discovered after more than 20 days have elapsed.

We can agree to the protective order if that limitation is removed, but maintain our position that the Plaintiff must retain another lawyer / law firm before we can disclose highly confidential information. We recognize that the latter issue will have to be decided by the Court.

Nora

**Nora M. Kane**
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, NE 68102
402-930-1740 (phone)
402-829-8733 (fax)
nkane@stinson.com
www.stinson.com

---

**From:** Blumenfield, Chad A. [mailto:chad.blumenfield@goldbergkohn.com]
**Sent:** Friday, April 25, 2008 11:13 AM
**To:** Kane, Nora M.
**Cc:** Hogan, Deborah; Kristen Werries Collier; Monte Mann
**Subject:** Response

Nora,

I am writing in response to your letter yesterday. First, you said that "I thought you and I had agreed that on Monday, April 28, 2008, I would supplement our Rule 26 disclosures to more clearly set forth what categories of documents may be pertinent to this action." A review of our written communications makes clear that we had no such agreement. We asked you to produce the documents relating to your 26(a)(1) disclosures, and you refused to do so. The decision to merely set forth categories of documents, rather than to produce the actual documents, was yours alone, and we strongly disagreed with it.

As for the timing by which you must comply, I would encourage you to speak with your co-counsel, Kristen Collier, about that issue. Judge Cole made clear at the hearing that he intended for Defendants to produce the documents promptly. I am sure that Ms. Collier would advise you that Judge Cole indicated that Defendants should produce the documents now, not when their discovery responses are due. Please confirm today that you will produce the documents relating to your 26(a) disclosures no later than May 2. Otherwise, we will move forward with a motion to compel.

Turning to the protective order issue, under no circumstances will we agree that an order can be entered which prevents our lead counsel from having access to all documents that will be produced in this case. If you intend to insist on such a provision, please provide any legal support you have for that position and we will consider it. We do not believe any such authority exists. If you persist in demanding that provision, we will not be able to reach an agreement and we will file an appropriate motion before Judge Cole. Putting aside the issue relating to Ms. Hogan, however, we should reach agreement on the remaining terms of the protective order. Are the remaining provisions of the proposed protective order acceptable? Per our earlier email, if you have any other suggested revisions, please provide them by the end of the day and we will consider them.

---

Chad A. Blumenfield | **GOLDBERG KOHN** | 55 East Monroe, Suite 3300, Chicago, Illinois 60603 | direct 312.863.7137 | direct fax 312.863.7837 | mobile 773.620.0859 | chad.blumenfield@goldbergkohn.com | www.goldbergkohn.com

---

This e-mail is subject to Goldberg Kohn's terms and conditions regarding e-mail, which are available on our web site or by clicking here.

---

IRS Circular 230 Disclosure: Unless we have specifically stated to the contrary in writing, any discussion of federal tax issues or submissions in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the United States federal tax laws or (2) promoting, marketing, or recommending to anyone any transaction or matter addressed herein.

---

This communication is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 485 |
| | ) | |
| v. | ) | Judge Charles R. Norgle |
| | ) | Magistrate Judge Cole |
| NUGEN I.T., INC. , and DAYLE | ) | |
| PHILLIPS | ) | |
| | ) | JURY DEMAND |
| Defendants. | | |

## <u>DECLARATION OF DEBORAH RZASNICKI HOGAN</u>

I, Deborah Rzasnicki Hogan, declare and state as follows:

1.    I am a principal of the professional corporation known as Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"), and a member of Goldberg Kohn's Litigation Department.   I am a 1995 graduate of the Northwestern University School of Law.   I have been in private practice in Chicago continuously since 1995.   I am lead counsel for HyperQuest, Inc. ("HQ") in this matter, and have personal knowledge of the matters set forth herein.

2.    I have only recently started representing HQ in litigation matters, beginning in late 2007.

3.    I do not provide legal advice to HQ regarding transactional or corporate matters.

4.    I am not a shareholder of HQ.

5.    I do not provide business advice to HQ.

4348.035

6.      My only role in any of HQ's business-related decisions is as HQ's outside litigation counsel.  I am not involved in decisions regarding pricing, product design, or marketing strategy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on April 30, 2008.

Deborah Rzasnicki Hogan