

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUGEN I.T., INC. and DAYLE PHILLIPS <br><br> Defendants. | ) <br> ) Case No. 08 C 485 <br> ) <br> ) <br> ) <br> ) <br> ) Judge Charles R. Norgle <br> ) Magistrate Judge Cole <br> ) <br> ) <br> ) JURY DEMAND |

### STIPULATION AND PROTECTIVE ORDER

Plaintiff HyperQuest, Inc. f/k/a HQ, Inc. ("HQ"), and Defendants Nugen I.T, Inc. ("NuGen") and Dayle Phillips ("Phillips"), by their respective undersigned counsel, hereby agree to the entry of this Stipulation and Protective Order ("Protective Order").

1. This Protective Order shall govern the designation, disclosure and use of all documents and things, testimony and other discovery responses containing or incorporating confidential information as hereinafter defined ("Confidential Information") produced, given or otherwise provided in this litigation (the "Action").

2. The term "Confidential Information" shall refer to any information or thing that is conveyed by one of the parties or a non-party (also referred to herein as the "Disclosing Party") to any other Party (the "Receiving Party") in connection with the litigation of this Action that the Disclosing Party claims, in good faith, to be protected as a trade secret, or information of a proprietary, confidential, private or commercially sensitive nature. Documents, materials, statements, testimony, or other information to be treated under this Stipulation and Protective Order as Confidential Information shall include:

(a) Any documents, materials or other information disclosed by a Party that the Disclosing Party claims to be its trade secrets or confidential, private, proprietary, or commercially sensitive information, provided that the Disclosing Party marks such documents materials or information with one of the following legends:

**CONFIDENTIAL**
**Subject to Protective Order**
or
**HIGHLY CONFIDENTIAL -- FOR ATTORNEYS' EYES ONLY**
**Subject to Protective Order**

(b) Documents produced pursuant to Rule 34(b) as they are kept in the usual course of business where the Disclosing Party has designated such Documents consistent with one of the legends set forth in Paragraph 2(a) above in its Response to a Party's Request for Production of Documents; and

(c) Copies, reproductions, notes, summaries, excerpts, and compilations of documents, materials, or other information set forth in subparagraphs 2(a) and 2(b) above.

3. If any information that the Disclosing Party claims is Confidential Information is inadvertently disclosed to the Receiving Party without being properly designated as Confidential Information, the Disclosing Party may so notify the Receiving Party. If the Disclosing Party gives such notice, its right to designate such documents, materials, or other information Confidential Information under this Protective Order shall not be deemed to have been waived. Upon receipt of notice as provided for in this paragraph, the Receiving Party shall return the original and all known copies of the documents, materials, or other information to the Disclosing Party so that they may be properly designated.

4. Confidential Information designated "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" under Paragraph 2(a) of this Protective Order shall be disclosed only to: (i) attorneys and non-attorney support staff working for a law firm with an

appearance on file for a party in this Action; (ii) outside experts or consultants retained for the purposes of this litigation and their employees in accordance with Paragraph 9 below; (iii) any personnel of the Court and court reporters/videographers retained to record and/or transcribe testimony in this Action, and their assistants engaged in work relating to this Action; and (iv) employees of an independent commercial service as needed to make copies, photographs, or other images of documents or other tangible things. Confidential Information designated as "CONFIDENTIAL" under Paragraph 2(a) may be disclosed to Party representatives, officers, directors and employees of the Parties that need to have access to the information for purposes of this litigation, in addition to those entitled to receive Confidential Information designated as "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY". In addition, this Stipulation and Protective Order shall not prevent the disclosure, during a deposition, of a document containing Confidential Information to a deponent who was an employee or consultant of the Disclosing Party when the document containing the Confidential Information was created. Such deponent may be shown such document during the course of his or her deposition for the purpose of determining whether that document was previously received by or shown to that deponent. Confidential Information may be disclosed to any such deponent that authored, received or was previously shown the document containing the Confidential Information.

5. Any party shall have the right to apply to the Court, after efforts by counsel to resolve the matter, for an order permitting further disclosure or declassification of Confidential Information hereunder upon a showing that such is necessary to an adequate preparation of the movant's case, is otherwise necessary to protect the interests of such party, that the designation of Confidential Information was unnecessary, unjustified, or otherwise

inappropriate within the contemplation of this Stipulation, or for any other just cause. The party contending that information has been properly designated as Confidential under this Protective Order has the burden to show that such information is in fact Confidential. The party requesting disclosure or declassification shall adhere to all terms of this Protective Order except to the extent permitted by the Court's ruling on such application. Furthermore, the Court retains jurisdiction to recast any material designated as Confidential as a public document.

Confidential Information shall be used solely for the prosecution or defense of the claims in this matter, and shall not be used for any other business, commercial, competitive, personal, or other purpose or in or as a predicate to any other litigation. However, no party shall be precluded from using knowledge of the existence of information designated Confidential under this order for the purpose of conducting discovery or formulating discovery requests in other litigation between parties to this action or their affiliates.

Confidential Information shall not be disclosed by any party or counsel to any other person, except as permitted herein. Nothing shall prevent general disclosure beyond the terms of this Protective Order if the party who produced such information consents in writing in advance to such disclosure.

6.      If any deposition, trial or hearing testimony discloses Confidential Information, counsel shall advise the court reporter of the same within 14 days after the testimony is initially transcribed. The court reporter shall then separate those portions of the testimony which have been so designated and shall mark the face of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

seal that portion of the transcript. This portion of the transcript will be treated as Confidential Information pursuant to the terms of this Protective Order. All transcripts and exhibits from depositions taken in this Action shall be treated as containing information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until and including fourteen (14) days after initial transcription of said deposition transcript. The parties may also designate the entire deposition testimony of a witness as containing Confidential Information. If no such designation is made either on the record at the time the deposition is taken or within the time period specified above, the transcript and exhibits shall not be deemed to contain Confidential Information.

7. Each independent expert and consultant referred to in Paragraph 4 hereof to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall first execute a declaration, in substantially the form attached hereto as "Exhibit A," agreeing to be bound by the terms of this Protective Order. Counsel of record for each party shall maintain the original signed acknowledgments. Nothing in this Protective Order makes discoverable the identity, opinion, or work product of any expert consultant or expert witness. Discovery of information relating to expert consultants or expert witnesses shall be governed by the Federal Rules of Civil Procedure.

8. The terms of this Protective Order shall also apply to any notes, summaries, abstracts or analyses prepared by counsel, expert witnesses, or expert consultants who have access to Confidential Information and which reflect any underlying Confidential Information, or observations or conclusions drawn therefrom.

9. Upon the completion of any proceedings in this matter including appeals, the parties' counsel shall collect all Confidential Information, which shall be treated,

respectively, as follows: (a) the parties' counsel may retain a copy of court filings containing or referencing Confidential Information and a copy of each deposition transcript containing such information, subject to the terms of this Protective Order; (b) all documents marked as "Confidential" shall be returned to counsel for the party who produced it (exclusive of any documents marked as "Confidential" that are in electronic form ("Electronically Stored Information")); and (c) all other Confidential Information (exclusive of any Electronically Stored Information) shall be collected by the parties' counsel and destroyed, with written notice of destruction provided to opposing counsel. With respect to Electronically Stored Information, the parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from counsels' active systems and the systems of others retained by counsel such as the computers and systems of outside experts and consultants. Such systems specifically include active email servers, active document management systems, and active litigation support databases. The parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recover systems, or from any other source which is not reasonably accessible because of undue burden or cost. Any Confidential Information so retained by outside counsel shall be maintained pursuant to this Protective Order, and by retaining information, that outside counsel agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order.

10.     Any party or other person or entity receiving Confidential Information and thereby agreeing to abide by the Protective Order's terms, agrees that the Confidential Information disclosed pursuant to this Protective Order: (a) shall be kept strictly confidential; (b) is not for the use or benefit of any person or entity unrelated to this matter; and (c) shall

not be communicated, disclosed or publicized to anyone unrelated to this matter, either directly or indirectly, by inference or otherwise, whether through counsel or otherwise.

11. All parties, persons and entities producing or receiving Confidential Information acknowledge that: (a) compliance with the provisions set forth in this Protective Order is necessary to protect the business, goodwill, and Confidential Information of the Disclosing Party; (b) a disclosure in breach of this Protective Order may irreparably and continually harm the Disclosing Party; (c) any unauthorized disclosure of Confidential Information or violation of this Protective Order shall subject the violator to this Court's contempt power; and (d) any unauthorized disclosure shall be a sufficient basis for the Court to award damages to the Disclosing Party upon proof thereof plus any and all reasonable attorneys' fees and costs incurred by the Disclosing Party in enforcing the Protective Order. Nothing in this Protective Order shall be construed to prohibit the Disclosing Party from also pursuing any other legal or equitable remedies, the parties having agreed that all remedies are to be cumulative.

12. In the event disputes regarding interpretation of this Protective Order arise, counsel shall first make a good faith effort to resolve such disputes informally, and only if the disputes cannot be informally resolved, counsel shall request the Court to determine if any violation has occurred.

13. The failure of any party to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party or non-party, is or is not entitled to

particular protection or that such information does or does not embody trade secrets of any party or non-party. The procedures set forth herein shall not affect the rights of parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

14. The fact that information is designated Confidential Information shall not be determinative of what the Court ultimately may conclude to be confidential or proprietary.

15. If a Receiving Party is served with a subpoena seeking Confidential Information issued by any court, or any administrative or legislative body, or any other person or entity purporting to have authority to issue the subpoena, the Receiving Party shall not produce Confidential Information until that Receiving Party first: (i) promptly notifies the Disclosing Party of the subpoena; (ii) informs the person or entity requesting disclosure of the existence of this Stipulation and Protective Order; and (iii) allows the Disclosing Party a reasonable opportunity to move to quash the subpoena.

16. Nothing in this Stipulation and Protective Order shall be deemed to be, or construed as, an admission that any Confidential Information is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility of any Confidential Information at trial.

17. The restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information which: (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party, or (iii)

has come or shall come into the Receiving Party's legitimate possession independently of Disclosing Party.

      18.    Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all person or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Order.

AGREED:

HYPERQUEST, INC.

By: _____
     One of Its Attorneys

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000

NUGEN I.T., INC.

By: _____
     One of Its Attorneys

Mark J. Peterson
Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, Nebraska 68102-1818

Monte L. Mann
Kristen Werries Collier
Novack and Macey LLP

100 North Riverside Plaza
Chicago, IL 60606

DAYLE PHILLIPS

By: _____
One of His Attorneys

Mark J. Peterson
Nora M. Kane
Stinson Morrison Hecker LLP
1299 Farnam Street, 15th Floor
Omaha, Nebraska 68102-1818

Monte L. Mann
Kristen Werries Collier
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606

*[handwritten: Entered May 5, 2008]*

*[handwritten signature: Jeffrey Cole]*

-10-

## DECLARATION

I, _____, a _____ in this
      (Name)                        (Position)

action, hereby declare that on this _____ day of _____ I read the Protective

Order entered in **HyperQuest, Inc. v. Nugen I.T., Inc., and Dayle Phillips,** Case No. 08 C

485, and I agree to be bound by all of its terms and conditions.

_____
            (Signature)