UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | |
| v. | |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Defendants, NuGen I.T., Inc. and Dayle Phillips (collectively "NuGen"), respectfully offer this Memorandum of Law and the accompanying Exhibits in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction.

**PROCEDURAL BACKGROUND**

On January 22, 2008, Plaintiff HyperQuest, Inc. filed two very similar Complaints for alleged copyright infringement of certain software: 1) the Complaint in this case; and 2) the *HyperQuest, Inc. v. N'Site Solutions, Inc. & Unitrin Direct Auto Insurance,* Case Number 08-cv-483 (N.D. Ill.) Complaint, which was assigned to Judge Shadur and Magistrate Judge Mason. (Ex. 1, Complaint in *HyperQuest v. N'Site*). A side-by-side comparison of these parallel Complaints shows that the factual bases alleged in each, though slightly varied, are grounded on the same transactions, and assert rights arising out of the same alleged acquisition of certain assets by Hyperquest. In fact, some of the identical allegations appear verbatim in both Complaints.

On February 13, 2008, Defendants Unitrin and N'Site filed their Motion to Dismiss the companion case for lack of subject matter jurisdiction, arguing that HyperQuest was not an exclusive licensee of the software in question, and therefore did not have standing to pursue an infringement action. (Case No. 08-cv-483, ECF 19 & 20, a copy of the Memorandum is attached hereto as Ex. 2). HyperQuest filed its Response on February 21, 2008. (Case No. 08-cv-483, ECF 24, a copy of which is attached hereto as Ex. 3). Unitrin, in turn, filed its Reply on March 14, 2008. (*Id.* at ECF 31, a copy of which is attached hereto as Ex. 4). Subsequent briefing was had upon leave of Court, and those submissions are attached hereto. (Exs. 5 & 6, HyperQuest's Supplemental Memorandum (ECF 35) & Unitrin's Reply of 4/28/2008 (ECF 39), respectively).

Based on the foregoing extensive briefing and argument, Judge Shadur entered his Order on May 1, 2008, dismissing *HyperQuest Solutions, Inc. v. N'Site Solutions, Inc. & Unitrin Direct Auto Insurance* for lack of subject matter jurisdiction. (Case No. 08-cv-483, ECF 44, a copy of which is attached hereto as Ex. 7).[1]

## ARGUMENT

It is black letter law that in order to have standing to pursue a cause of action for copyright infringement, a licensee must be an *exclusive* licensee. *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 775 (7th Cir. 1996) ("[A] person holding a nonexclusive license has no standing to sue for copyright infringement.") (citing Paul Goldstein, I *Copyright: Principles, Law and Practice* § 4.4.1.1, at 409 (1989)). NuGen respectfully submits that Judge Shadur was correct in his conclusion that HyperQuest does not have an exclusive license, and therefore lacked standing to prosecute the nearly-identical companion case in *HyperQuest v. N'Site*. NuGen asks that the

---

[1] Plaintiff's counsel appeared in this matter before Magistrate Judge Cole on May 5, and before Judge Norgle on May 9, but neglected to inform either Judge Cole, Judge Norgle, or Defendants' attorneys of the dismissal of the parallel case.

2

same result occur here.[2]  Judge Shadur was persuaded by, and incorporated into his Order, Unitrin's briefing on this issue which, in the interest of judicial economy, is incorporated and adopted as if fully set forth herein by NuGen in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (*See* Exs. 2, 4, 6).

## **CONCLUSION**

Based upon the foregoing, Defendants NuGen, I.T., Inc. and Dayle Phillips respectfully ask this Court to enter its Order:

1. Dismissing this action for lack of subject matter jurisdiction;

2. Awarding Defendants' fees and costs incurred in bringing this Motion; and

3. Awarding such other, further, and different relief, as this Court deems just.

---

[2] NuGen is mindful that Judge Shadur's opinion is not binding on the other Judges in this District, but notes the propriety of following a well-reasoned opinion.  *See, e.g., TMF Tool Co., Inc. v. Muller,* 913 F.2d 1185, 1191 (7th Cir. 1990) ("For a variety of quite valid reasons, including consistency of result, it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court.  But, while this is a laudable and worthwhile practice, it does not convert district court decisions into binding precedent.").

Dated this 14th day of May, 2008.

        Respectfully submitted,

        NUGEN I.T., INC. AND DAYLE PHILLIPS

        By:   s/ ***Nora M. Kane***
           Mark J. Peterson (*pro hac vice*)
           Nora M. Kane (*pro hac vice*)
           STINSON MORRISON HECKER LLP
           1299 Farnam Street, 15th Floor
           Omaha, Nebraska 68102-1818
           Phone: (402) 342-1700
           Fax:   (402) 930-1701
           mpeterson@stinson.com
           nkane@stinson.com

        And

           Monte L. Mann
           Kristen Werries Collier
           NOVACK AND MACEY LLP
           100 North Riverside Plaza
           Chicago, IL 60606-1501
           Phone: (312) 419-6900
           Fax:   (312) 419-6928
           mmann@novackandmacey.com
           kwc@novackandmacey.com

        Attorneys for Defendants

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on this 14th day of May, 2008, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

 Deborah Rzasnicki Hogan
 Chad A. Blumenfield
 GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD
 55 East Monroe, Suite 3300
 Chicago, IL  60603
 deborah.hogan@goldbergkohn.com
 chad.blumenfield@goldbergkohn.com

              s/ ***Nora M. Kane***
             Nora M. Kane