# EXHIBIT 6

## TO

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08 C 483 |
| v. ) | |
| ) | Honorable Milton I. Shadur |
| N'Site Solutions, Inc., et al., ) | |
| ) | Magistrate Judge Michael T. Mason |
| Defendants. ) | |

**UNITRIN DIRECT'S REPLY TO HYPERQUEST'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Unitrin Direct Insurance Company ("UDIC"),[1] hereby submits its reply to Plaintiff HyperQuest, Inc.'s ("HyperQuest") Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction ("HyperQuest's Supplemental Memorandum").

**I.    Introduction**

HyperQuest, in its Supplemental Memorandum, does not successfully establish that it has standing in this case to sue UDIC for allegedly infringing the copyright for the eDoc Software. In Unitrin Direct's Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction ("UDIC's Reply"), UDIC pointed out that HyperQuest did not possess the exclusive right to do any of the following: (a) reproduce, (b) prepare derivative works, or (c) distribute the eDoc Software at issue in this case.  These are the alleged exclusive rights upon which

---

[1] As pointed out in prior briefs, HyperQuest's complaint names "Unitrin Direct Auto Insurance," which is not a corporate entity, as a defendant.

10998857.1                                   1

HyperQuest relies to establish standing. Because HyperQuest does not possess the exclusive right to do any of these three activities, HyperQuest lacks standing under the copyright laws.

In its Supplemental Memorandum, HyperQuest does not deny that it lacks these exclusive rights. Instead, HyperQuest points to case law indicating that, under the patent law, a licensee may still be labeled an "exclusive licensee" even though it lacks the right to exclude *all* others from making, using, or selling the patented invention due to the existence of a prior license to another party. Under the patent law, such an "exclusive licensee" may have standing to sue for patent infringement *but only if* the patent owner is a co-plaintiff in the lawsuit. For the purposes of the present motion to dismiss, the only issue before the Court is whether HyperQuest has standing, by itself, to sue for copyright infringement.

Accordingly, this Court must decide whether to apply the laws of copyright or the laws of patent to assess whether HyperQuest has standing. Because this is a copyright case, not a patent case, UDIC maintains that the laws of copyright should be applied and that this case should be dismissed because it is undisputed that HyperQuest lacks any of the alleged "exclusive" rights in the eDoc Software. However, should the Court find patent law should apply, then this case should be dismissed because under the patent laws, HyperQuest lacks standing to sue in its own name without Safelite.

II.   **Under Copyright Law, the Case Should Be Dismissed for the Reasons Set Forth in UDIC's Reply**

As discussed in the prior briefs, under the copyright law, only an "owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right." 17 U.S.C. § 501(b) (2006). Accordingly, once ownership of an exclusive right is transferred to a licensee, only that exclusive licensee, and not the copyright owner, may sue for infringement of that particular right. *See Althin CD Med., Inc. v. W. Suburban Kidney Ctr., S.C.*,

873 F. Supp. 837, 874 (N.D. Ill. 1995). However, as explained in UDIC's Reply, Safelite did not transfer ownership of any exclusive right in the copyright for the eDoc Software to HyperQuest. More specifically, as set forth in detail in UDIC's Reply, HyperQuest is not an exclusive licensee and does not own any exclusive right in the eDoc Software copyright because:

- Safelite expressly retained *all* ownership rights in the eDoc Software, as confirmed by the express provisions of the Safelite/HQ License;

- Safelite retained and did not transfer the power to enforce the copyright; and

- HyperQuest does not possess any of the three "exclusive" rights (*i.e.*, to reproduce, to prepare derivative works, and to distribute) it alleges to have because

  o Safelite retained the right to reproduce, to prepare derivative works based upon, to distribute, and to license the eDoc Software, and

  o N'Site was granted the right to reproduce, to prepare derivative works based upon, and to distribute the eDoc Software.

*See Davis v. Blige*, 505 F.3d 90, 101 (2d. Cir. 2007) (stating that an exclusively licensed right "cannot be used or exploited by the copyright owners" and "no one other than the exclusive licensee may exercise the right specified by the exclusive license agreement").

These reasons were substantiated by the actual language of the Safelite/HQ license agreement, and, thus, HyperQuest's protestations about allegations in the complaint and other extrinsic evidence are unavailing.

With respect to power to enforce, UDIC's point is simply as follows. In its Opposition Brief, HyperQuest asserts that it has the exclusive right to (a) reproduce, (b) prepare derivative works based upon, and (c) distribute the eDoc Software. (*See* Pl.'s Opp'n at 9-10.) If Plaintiff were truly the exclusive licensee, HyperQuest – and only HyperQuest – would have the right to

sue N'Site for these activities. However, as discussed in N'Site's Reply, and as this Court has indicated, Safelite retained for itself the right to sue N'Site for engaging in these activities. Accordingly, HyperQuest does not possess at least one necessary right for it to qualify as an exclusive licensee, namely, the right of enforcement. Therefore, because HyperQuest is not an exclusive licensee, it lacks standing to sue anyone for copyright infringement, including UDIC.[2]

Accordingly, under copyright law, HyperQuest lacks standing, and this case should be dismissed because HyperQuest is not an exclusive licensee possessing any of the asserted "exclusive" rights.

### III. Under Patent Law, the Case Should Be Dismissed Because HyperQuest Does Not Have Standing To Maintain This Lawsuit by Itself

HyperQuest asserts in its Supplemental Memorandum that patent law should be applied to determine standing in this copyright case. (HyperQuest's Supp. Memo. at 3-6.) UDIC does not dispute that, according to patent law, under certain circumstances, a patent licensee may be considered to be an exclusive licensee that has standing to sue for patent infringement even though prior licenses may have been granted by the patentee. What HyperQuest conveniently failed to bring to the Court's attention is that, according to patent law, in such circumstances, an exclusive licensee of a patent **must join the patent owner** in a lawsuit alleging infringement of the patent. *See, e.g., Ortho Pharm. Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995). In fact, this requirement is clearly set forth in each and every case addressing a

---

[2] As this Court correctly pointed out during the hearing of April 14, 2008, HyperQuest's allegation that it did not "contractually [give] away" its right to bring an infringement suit presupposes that HyperQuest ever *had* such a right to give away. (*See* Pl.'s Suppl. Memo. at 1-2.) Rather, if the Safelite/HQ License did not grant a right such as the right to bring a copyright infringement suit based on the eDoc software to HQ (which it clearly did not), then HQ never had such a right to "contractually [give] away."

patent licensee's standing that is cited on pages 3-6 of HyperQuest's Supplemental Memorandum:[3]

- *Western Electric Co. v. Pacent Reproducer Corp.*, 42 F.2d 116, 118 (2d Cir. 1930) ("The sole question presented is whether two licensees should have been permitted to join as coplaintiffs with the patent owner.");
- *Hawkinson v. Carnell*, 112 F.2d 396, 398 (3d Cir. 1940) (exclusive licensee had the right to maintain suit in which the patent owner was joined as a plaintiff);
- *Ortho Pharm. Corp.*, 52 F.3d at 1030 ("Without the patentee as plaintiff, the remedies provided in the patent statute are unavailable except in extraordinary circumstances 'as where the patentee is the infringer, and cannot sue himself'");
- *Ropak Corp. v. Plastican, Inc.*, 2005 WL 2420384, *4 (N.D. Ill. Sept. 30, 2005) ("Ropak is an exclusive licensee . . . with standing to bring a case *jointly* with the patentee) (emphasis added)[4];
- *Great Lakes Intellectual Prop., Ltd. v. Sakar Int'l, Inc.*, 516 F. Supp. 2d 880, 886 (W.D. Mich. 2007) ("an exclusive licensee ordinarily may not sue in its own name, but must join the patent owner in an action brought against the accused infringer");
- *Sigma-Aldrich Inc. v. Open Biosystems, Inc.*, 2007 WL 1993439, *3 (E.D. Miss. July 3, 2007) (exclusive licensee "cannot proceed alone as plaintiff in this action," explaining that patentee must join suit to protect its own interests and to enable

---

[3] With respect to the remaining two cases cited in the "patent law" section of HyperQuest's Supplemental Memorandum (pages 3-6), *Chirco v. Gateway Oak, LLC*, 2005 WL 2284218 (E.D. Mich. 2005) is a copyright case and, therefore, does not address a patent licensee's standing. Moreover, the reasoning in that case is confused and illogical. It is confused in that it mixes up the concepts of joint *owners* of a copyright with multiple *licensees* of a copyright. It is illogical in that it concludes that, because there can be two authors of a work and, thus, two *owners* of a copyright, it must follow that there can be two separate exclusive licensees, each possessing the exact same exclusive rights under a copyright. However, if a license purports to give Party 1 a particular "exclusive" right, such as the right to reproduce a work, while purporting to give Party 2 that same "exclusive" right, the end result is that neither Party 1 nor Party 2 has the exclusive right to reproduce the work. Thus, the decision in *Chirco* in effect concludes that a licensee holding a non-exclusive right under a copyright can nonetheless be regarded as an "exclusive" licensee for standing purposes. *See also Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) ("an exclusive license grants all co-owners' shares of a particular copyright interest to the exclusive licensee. Accordingly, a co-owner cannot unilaterally grant an exclusive license.").

The issue in the remaining case, *Cook, Inc. v. Boston Scientific Corp.*, 208 F. Supp. 2d 874 (N.D. Ill. 2002), was whether one licensee had standing to sue another licensee for breach of contract. *Id.* at 877. "This case does not involve a claim of infringement." *Id.* at 879. Therefore, the court did not determine whether the license agreement gave either licensee standing to sue for patent infringement.

[4] The portion of this case cited by HyperQuest is *dicta*, as the court in *Ropak* found that the plaintiff did hold exclusive rights with respect to non-hinged lids and, thus, had the right to exclude all others from making such lids. *Ropak*, 2005 WL 2420384 at *3 ("Ropak still has the exclusive right to make, use, or sell non-hinged lids").

the alleged infringer to respond in one action to all claims of infringement for his act); and

- *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 511 (E.D. Va. 2000) ("an exclusive licensee has been given sufficient rights in a patent to obtain standing, *but only if* the patent owner is joined in the lawsuit") (emphasis added).

In this case, HyperQuest's complaint includes only HyperQuest as a plaintiff. Thus, if the issue of standing in this case is decided according to patent law, the case must be dismissed because Safelite – the copyright owner – is not a party.

It should also be noted that, unlike the cases relied upon by HyperQuest, in this case, the license agreement between Safelite and HQ did not preclude Safelite from granting additional licenses nor did it preclude Safelite from granting a license that would cover the activity allegedly performed by UDIC (or N'Site). In this regard, Safelite retained the right to enter into a subsequent "substantially different" license agreement with N'Site, such as one that expressly allowed N'Site to sublicense the relevant software to others such as UDIC.[5]

## IV. Standing In This Case Should Be Decided Under Copyright Law, Not Patent Law

This is a copyright case, not a patent case, and, thus, standing should be decided under copyright law. Additionally, it is not appropriate to look to patent law to determine standing in a copyright case.

First, it is not at all clear that HyperQuest would even qualify as an exclusive licensee under the patent law, given that the Safelite/HQ license agreement restricts HQ's right to assign the license. *See* Safelite/HQ License § 9(b) ("no Party will have any right to assign any of its rights and obligations pursuant to this License Agreement except with the prior written consent of the other Party"); *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1194 (Fed Cir. 2007) (licensee found not to be an exclusive licensee where "[licensee] lacks important indicia of a true

---

[5] *See* UDIC's Reply at 7 and Section 2(b) of the Safelite/HQ License Agreement (Ex. A.3 to Pl.'s Opp'n).

ownership interest in the patent, such as the right to transfer its interest"); *Raber v. Pittway Corp.*, 23 U.S.P.Q.2d 1313, 1314-15 (N.D. Cal. 1992) (finding that a license imposing limits on licensee's power of assignment was considered a "mere license," which was inadequate to support standing to sue for patent infringement), *aff'd mem.*, 996 F.2d 318 (Fed. Cir. 1993); *Refac Int'l Ltd. v. Visa USA Inc.*, 16 U.S.P.Q.2d 2024, 2028 (N.D. Cal. 1990) (agreement purporting to grant "exclusive" right to manufacture, lease, and sell under a patent "rings hollow in the face of the severe restrictions" placed on licensee's rights, including right to assign).

Second, copyright law and patent law are fundamentally different with respect to standing. The patent law does not provide a patent owner a right to "do" anything but, rather, only provides a right to "exclude" others from doing something. That is, in securing a patent on an invention, the patent owner is not provided the right to practice that invention; rather the patent owner only gains the right to exclude others from practicing the invention, such as by making, using, or selling the invention. 35 U.S.C. §§ 154(a)(1) (2002) and 271(a) (2003); *see Maltezos v. AT&T Corp.*, 6 Fed. Appx. 850, 852 (Fed. Cir. 2001). Conversely, the copyright law *does* grant the copyright owner the right to "do" certain things. 17 U.S.C. § 106 (2006) ("the owner of copyright under this title has the exclusive rights to *do* and to authorize any of the following:" *e.g.*, to reproduce, to distribute, to perform, *etc.*).

Accordingly, standing must be assessed from opposite perspectives in patent and copyright cases. In patent cases, given that the only right provided by a patent is the right to exclude, the focus of the case law is on whether a licensee has the right to exclude someone else – if so, the licensee may be an exclusive licensee with co-plaintiff standing. On the contrary, in determining standing, copyright cases focus on whether a licensee has the exclusive right to do and authorize others to do one of the six activities recited in Section 106 and provide that only

the owner of such a right may sue for infringement. 17 U.S.C. §§ 106 and 501(b) (only the "owner of an exclusive right [to do or authorize to do] under a copyright is entitled to institute an action" for infringement).

In the present case, HyperQuest is not the only party that may "do" (reproduce, distribute, prepare derivative works) and is not the only party that may "authorize others to do" (reproduce, distribute, prepare derivative works), as both Safelite and N'Site have the right to do and authorize others to do these activities. *See* UDIC's Reply at pp. 3-7 and the present Reply p. 6. The fact that courts may have granted co-plaintiff standing to an "exclusive" patent licensee even though another party may have the right to practice an invention does not dictate that the same rule should apply under copyright law, as copyright law gives standing only to the entity that has the exclusive right to do and authorize others to do one of the six enumerated activities listed in 17 U.S.C. § 106. In the present case, HyperQuest is not such an entity.

V.     **Conclusion**

UDIC maintains that, because HyperQuest is not an exclusive licensee under the Copyright Act, it lacks authority to sue to enforce the eDoc copyright. Alternatively, if patent law is applied, this case must be dismissed because HyperQuest does not have standing to maintain the present action by itself.

It should be noted that, under copyright law, an exclusive licensee of a copyright need not join the licensor as a party. *See* NIMMER ON COPYRIGHT, § 12.02[B]. However, it is abundantly clear in, for example, the cases cited in HyperQuest's Supplemental Memorandum, that under patent law, the patent owner **must** be a party to the infringement suit. HyperQuest may not combine selected aspects of two different bodies of law to come to a conclusion that it has standing in this case. Specifically, HyperQuest cannot assert that it would qualify as an

"exclusive licensee" under the patent laws but then rely on copyright law for the proposition that it has standing to sue by itself, without Safelite being a party.

Thus, this matter must be dismissed with prejudice as to all counts against UDIC for lack of subject matter jurisdiction.

Dated: April 28, 2008

                              Respectfully submitted,

                              <u>s/ Paul R. Kitch</u>
                              Paul R. Kitch
                              pkitch@nixonpeabody.com
                              Jodi Rosen Wine
                              jwine@nixonpeabody.com
                              Elizabeth W. Baio
                              ebaio@nixonpeabody.com
                              NIXON PEABODY LLP
                              161 N. Clark St., 48th Floor
                              Chicago, IL 60601
                              (312) 425-3900

                              Attorneys for Unitrin Direct Insurance Company

## CERTIFICATE OF SERVICE

The undersigned certifies that **Unitrin Direct's Reply to Hyperquest's Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction** was filed electronically in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

April 28, 2008

                                                            s/ Paul R. Kitch
                                                   One of the Attorneys for Defendant
                                                   Unitrin Direct Insurance Company