# EXHIBIT 7

## TO

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 483 |
| | ) | |
| N'SITE SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

After HyperQuest, Inc. ("HQ") brought this copyright infringement action against N'Site Solutions, Inc. ("N'Site") and Unitrin Direct Insurance Company ("Unitrin," erroneously named "Unitrin Direct Auto Assurance" in HQ's Complaint), both defendants moved to dismiss the Complaint and this action for lack of subject matter jurisdiction.[1]  HQ responded with a memorandum asserting--contrary to defendants' position--that it is an exclusive licensee, hence has standing to sue.  This Court then requested further submissions addressing that issue, and all the parties have done so.

There is no dispute among the parties as to the legal principles implicated by the current motions:

    1.  Under the Copyright Act,[2] only a party who is

---

[1] Unitrin also moved for its dismissal "on grounds of insufficient process," but under the circumstances there is no need to address that subject in this written order.

[2] Citations to that statute will take the form "Act §--," using the numbering in Title 17 of the United States Code rather than the statute's internal numbering.

"legal or beneficial owner of an exclusive right under a copyright" when the acts of asserted infringement of that right occur has standing to sue for infringement (Act §501(b)).

    2. For that purpose a licensee is treated as having such ownership rights if it has been granted an exclusive license of "any one of the exclusive rights comprised in a copyright" (Act §101).

    3. After a transfer of such an exclusive right, only the exclusive licensee can sue for infringement of that right--even the copyright owner lacks the necessary standing to enforce the transferred ownership rights (see e.g., <u>Davis v. Blige</u>, 505 F.3d 90, 101 (2nd Cir. 2007)).

    4. But--something critical to the current motions--the holder of a <u>nonexclusive</u> license lacks the necessary standing to sue for copyright infringement (see, e.g., <u>I.A.E., Inc. v. Shaver</u>, 74 F.3d 768, 774-75 (7th Cir. 1996)).

It is against those yardsticks that the current jurisdictional motions must be measured.

To that end Unitrin's Reply addressed fully every aspect of HQ's attempt to characterize itself as an exclusive licensee--even as to certain rights, rather than to the totality of the copyright--and it completely scotched HQ's position.

Because the Reply has covered the waterfront so thoroughly and persuasively, this Court finds it unnecessary to reiterate the analysis there piece by piece--instead it simply adopts Unitrin's presentation as proffered in the Reply.

Thus the Reply confirms that Safelite Group, Inc. ("Safelite"), HQ's licensor, retained rights to reproduce, to prepare derivative works based upon, and to distribute the eDoc software (Reply 4-5), that N'Site also has such rights (Reply 5-7) and that HQ does not have an exclusive right to distribute the software because Safelite had placed restrictions on its ability to do so (Reply 7-8).  And as if that were not enough (and it is), the license agreement through which HQ advances its claims contained a provision under which Safelite retained its ownership rights (Reply 8-9).

After Unitrin filed that compelling Reply, HQ was granted leave to file a supplemental memorandum in opposition to the motions to dismiss, and both N'Site and Unitrin have now tendered final submissions that have honored this Court's admonition not to plow the same legal field over again.  Those submissions have successfully rejected the additional arguments advanced in HQ's supplemental filing just as effectively as Unitrin's Reply had torpedoed HQ's original response, and once again this Court sees no need to reproduce those added arguments here.  Instead it

simply refers to and adopts them.[3]

Because HQ is hence not an exclusive licensee of any of the rights that it now claims, it is without standing to bring the current action.  Accordingly both the Complaint and this action are dismissed for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2008

---

[3] Among other matters, HQ's attempt to bring into play some doctrines from patent jurisprudence lacks force for more than one reason (see Unitrin's current Mem. 4), and its effort to alter the plain language of Safelite's license to HQ via the declaration by HQ's President Jeffrey Hogan cannot stave off the inevitable -- in that respect it will be remembered that an exclusive copyright license must be in writing (see, e.g., I.A.E., 74 F.3d at 774-75), so that Hogan's asserted mindset, which was not embodied in the written license itself, has no impact on the issue at hand.

4