UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUGEN I.T., INC., and DAYLE PHILLIPS, <br><br> Defendants. | Case No. 1:08-cv-00485 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY DISCOVERY PENDING THE COURT'S RULING ON THE DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Defendants respectfully ask this Court to enter its Order staying discovery in this matter until such time as the Court has ruled upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. All appropriate factors considered in deciding whether to grant a stay of discovery weigh in favor of Defendants, as discussed below.

**ARGUMENT**

As set forth in Defendants' Memorandum of Law in support of their Motion to Dismiss [ECF 61], Plaintiff HyperQuest's nearly-identical complaint, filed the same day against different Defendants and alleging rights in the same software, was dismissed on May 1, 2008, for lack of subject matter jurisdiction. (*Id.* at Exhibit 7). Judge Shadur concluded that HyperQuest was not an exclusive licensee, and therefore lacked standing to pursue an action for software infringement in the software which is subject to both actions. The same result should occur here.

A stay of discovery is appropriate when the subject of the pending Motion to Dismiss is a threshold one, such as standing. *Builders Ass'n of Greater Chicago v. City of Chicago,* 170

F.R.D. 435, 437 (N.D. Ill. 1996) ("This court has discretion under Fed. R. Civ. P. 26(c) and (d) to limit the scope of discovery or to order that discovery be conducted in a particular sequence. Such limitations can be appropriate when one of the parties raises a potentially dispositive threshold issue such as a challenge to the plaintiff's standing."). Stays are appropriate where the Motion to Dismiss can resolve the case, as in Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. *In re Sulfuric Acid Antitrust Litigation*, 231 FRD 331, 337 (N.D. Ill. 2005) (citations omitted). A stay of discovery is also appropriate where discovery will not help to resolve a motion that may dispose of the claim to which the discovery relates. *Sprague v. Brook*, 149 FRD 575, 577-78 (N.D. Ill. 1993). Here, Defendants have submitted the written arguments and exhibits from the *HyperQuest, Inc. v. N'Site Solutions, Inc. & Unitrin Direct Auto Insurance* case, in which HyperQuest was granted leave to conduct discovery in order to respond to the Motion to dismiss for lack of subject matter jurisdiction. It is unlikely that HyperQuest will be able to show that any additional discovery would change the outcome of the subject matter issue.

Subjecting the Defendants to the expense of unnecessary discovery when it is unlikely that the Court will exercise subject matter jurisdiction, would be extremely prejudicial. It is possible and probable that the Court will grant Defendants' Motion to Dismiss for Lack for Lack of Subject Matter Jurisdiction, thereby disposing of this action in its entirety, and thereby eliminating the need for discovery.

## CONCLUSION

Based upon the foregoing, Defendants NuGen, I.T., Inc. and Dayle Phillips respectfully ask this Court to enter its Order staying discovery until such time as the Court has ruled upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Dated this 14th day of May, 2008.

        Respectfully submitted,

        NUGEN I.T., INC. AND DAYLE PHILLIPS

        By: **s/ *Nora M. Kane***

            Mark J. Peterson (*pro hac vice*)
            Nora M. Kane (*pro hac vice*)
            STINSON MORRISON HECKER LLP
            1299 Farnam Street, 15th Floor
            Omaha, Nebraska  68102-1818
            Phone:  (402) 342-1700
            Fax:     (402) 930-1701
            mpeterson@stinson.com
            nkane@stinson.com

        And

            Monte L. Mann
            Kristen Werries Collier
            NOVACK AND MACEY LLP
            100 North Riverside Plaza
            Chicago, IL  60606-1501
            Phone:  (312) 419-6900
            Fax:     (312) 419-6928
            mmann@novackandmacey.com
            kwc@novackandmacey.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of May, 2008, I electronically filed the foregoing Memorandum of Law in Support of Defendants' Renewed Motion to Stay Discovery Pending the Court's Ruling on the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

    Deborah Rzasnicki Hogan
    Chad A. Blumenfield
    GOLDBERG, KOHN, BELL, BLACK,
      ROSENBLOOM & MORITZ, LTD
    55 East Monroe, Suite 3300
    Chicago, IL  60603
    deborah.hogan@goldbergkohn.com
    chad.blumenfield@goldbergkohn.com

                                                  s/ ***Nora M. Kane***
                                                  Nora M. Kane