# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| Plaintiff, | ) Case No. 08 C 485 |
| v. | ) Judge Charles R. Norgle |
| | ) Magistrate Judge Cole |
| NUGEN I.T., INC., and DAYLE PHILLIPS | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## SUPPLEMENTAL DECLARATION OF DEBORAH RZASNICKI HOGAN

I, Deborah Rzasnicki Hogan, declare and state as follows:

1. I am, and since 2002 have been, a principal of the professional corporation known as Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"), and a member of Goldberg Kohn's Litigation Department. I am a 1995 graduate of the Northwestern University School of Law. I have been in private practice in Chicago at Goldberg Kohn continuously since 1995. I am lead counsel for HyperQuest, Inc. ("HQ") in this matter, and have personal knowledge of the matters set forth herein.

2. As of today's date, lawyers and other professionals at Goldberg Kohn have collectively spent over 200 hours working on this matter for HQ.

3. I have no present intention of taking on any role for HQ other than as outside litigation counsel, nor can I reasonably foresee circumstances under which I would do so in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2008.

_____
Deborah Rzasnicki Hogan

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 485 |
| ) | |
| v. ) | Judge Charles R. Norgle |
| ) | Magistrate Judge Cole |
| NUGEN I.T., INC., and DAYLE ) | |
| PHILLIPS ) | |
| ) | JURY DEMAND |
| Defendants. | |

### DECLARATION OF DEBORAH RZASNICKI HOGAN

I, Deborah Rzasnicki Hogan, declare and state as follows:

1.　I am a principal of the professional corporation known as Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. ("Goldberg Kohn"), and a member of Goldberg Kohn's Litigation Department. I am a 1995 graduate of the Northwestern University School of Law. I have been in private practice in Chicago continuously since 1995. I am lead counsel for HyperQuest, Inc. ("HQ") in this matter, and have personal knowledge of the matters set forth herein.

2.　I have only recently started representing HQ in litigation matters, beginning in late 2007.

3.　I do not provide legal advice to HQ regarding transactional or corporate matters.

4.　I am not a shareholder of HQ.

5.　I do not provide business advice to HQ.

6. My only role in any of HQ's business-related decisions is as HQ's outside litigation counsel. I am not involved in decisions regarding pricing, product design, or marketing strategy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 30, 2008.

_____
Deborah Rzasnicki Hogan

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 C 485 |
| | ) |
| NUGEN I.T., INC., and DAYLE PHILLIPS | ) |
| | ) |
| | ) JURY DEMAND |
| Defendants. | |

### DECLARATION OF JEFFREY J. HOGAN

I, Jeffrey J. Hogan, declare and state as follows:

1. I am the Chief Executive Officer and President of HyperQuest, Inc. f/k/a HQ, Inc. ("HQ").

2. I am over 18 years of age and the information contained in this declaration is based on my personal knowledge, and I could and would testify to such information if called to do so in connection with the above-captioned matter.

### HQ

3. HQ is a provider of primarily internet-based technology products and services to insurance companies and others in the property and casualty insurance industry, including repair shops, professional appraisers and parts suppliers.

4. HQ's offices are, and since approximately July 2004 have been, at 5750 Old Orchard Road in Skokie, Illinois.

5. HQ currently employs approximately 35 employees.

### HQ's Outside Investors and Board of Directors

6. The business and affairs of HQ are managed by or under the direction of its board of directors.

7. In accordance with the agreement of HQ's shareholders and pursuant to HQ's by-laws, there are six (6) members of HQ's board of directors. The board of directors consists of: (i) two representatives of HQ's principal outside investors, (ii) two independent directors, (iii) my father-in-law, Peter Rzasnicki, and (iv) me.

8. I serve as President and Chief Executive Officer of HQ pursuant to the terms of an employment agreement between HQ and me.

9. There is an established compensation committee which consists of the outside directors (collectively, the representatives of HQ's principal outside investors and the two independent directors). The compensation committee is responsible for making various determinations under the terms of my employment agreement including certain compensation decisions and decisions about renewal or continuation of my employment agreement. The compensation committee is also responsible for any new compensation arrangements for any employee in excess of $100,000 annualized compensation and any changes to compensation for senior management. I am also not able to participate in any Board action relating to compensation or employment of, among others, any child, stepchild, grandchild, parent, grandparent, spouse, former spouse, sibling, niece, nephew, mother-in-law, father-in-law, son-in law, daughter-in-law, brother-in-law or sister-in-law.

10. My father-in-law, Pete Rzasnicki, is not and has never been an employee of HQ, and he is not and has never been involved in the day-to-day operations or management of the business.

11. My father, Dennis Hogan, is not and has never been on the board of directors. From approximately 2003 through December 2007, Dennis advised the company with respect to various technology related issues as an independent consultant. Beginning in January 2008, Dennis became an employee of HQ and in that capacity continues to advise the company with respect to various technology related issues.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2008.

_____
Jeffrey J. Hogan