UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | |
| v. | |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION**

Defendants, NuGen I.T., Inc. and Dayle Phillips (hereafter collectively referred to as "NuGen"), respectfully submit this Reply Memorandum in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction. Plaintiff HyperQuest, Inc. has failed to demonstrate any reason why Judge Shadur's Order of dismissal in the companion case was incorrect. Further, HyperQuest has offered no new factual or legal bases for this Court to rule otherwise. NuGen's Motion should be granted because HyperQuest is not an exclusive licensee of any of the rights it is asserting with regard to the subject software, and it is thus without standing to bring an action for copyright infringement of the software.

**ARGUMENT**

**HYPERQUEST IS NOT AN EXCLUSIVE LICENSEE.**

HyperQuest attempts to argue that even though it is not an exclusive licensee of Safelite, it may bring an action for copyright infringement. This simply ignores the law and the uncontroverted facts of this case. As set forth in detail within the companion case, Unitrin

asserted, and Judge Shadur agreed, that Safelite retained for itself the right to sue N'Site. It thus becomes a matter of simple logic that because Safelite retained the right to sue N'Site, it necessarily means that HyperQuest does not own the exclusive right to bring suit for copyright infringement. Moreover, because Safelite reserved for itself the right to bring an infringement action against a co-licensee, the license that it granted to HyperQuest, by definition, cannot be exclusive. "[T]he Copyright Act only authorizes two types of claimants to sue for copyright infringement: owners of copyrights and people who have been granted exclusive licenses by owners of copyrights." *Benchmark Homes, Inc. v. Legacy Home Builders, L.L.C.,* 2006 WL 208830, *4, 77 U.S.P.Q.2d 1687 (D. Neb. Jan. 26, 2006) (citing *Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 32 (2$^d$ Cir.1982) (*superseded by statute on other grounds*)).

In the case of *Althin CD Medical, Inc. v. West Suburban Kidney Center, S.C.,* 874 F.Supp. 837, 843 (N.D. Ill. 1995), the Court ruled that a licensor's retention of certain "substantial rights" precluded licensee from receiving an exclusive license, and hence, that the licensee was without standing to sue. The "substantial rights" retained by the licensor included the sole right to determine whether any infringement action would be brought and also the sole right to transfer or assign the license agreement with a very narrow exception. *Id.* Likewise, in the matter at hand, Safelite (1) retained the exclusive right to sue N'Site and (2) retained the right to have final approval on certain subsequent assignments by HyperQuest. (Software License Agreement, ECF 61, Ex. 3 at §§ 2(b) and 2(a), respectively).

Additionally, and as noted by Unitrin, Section 2(b) Safelite/HyperQuest Software License Agreement makes clear that Safelite retained the right to reproduce, license, distribute, and make derivative works based upon the eDoc software. For example, Section 2(b) of the Agreement provides: "Safelite shall have the right to use the eDoc software and may license the eDoc

software solely for purposes of testing and development." Safelite's right to license necessarily includes the right to make copies of the eDoc software and distribute the copies to its licensees. Likewise, "testing and development" necessarily indicates that Safelite has the right to use and to license others to use and to license others to modify and make derivative works of the eDoc software. Because Safelite retained the right to reproduce, distribute, and prepare derivative works of the eDoc software, the license granted to HyperQuest was patently non-exclusive, and it has no standing to sue.

Although NuGen believes that the arguments advanced by N'Site and found persuasive by Judge Shadur are enough for this Court to enter its similar order of dismissal, NuGen submits that there is even more language within the Safelite/HyperQuest contracts which belies the claims asserted by HyperQuest. For example, HyperQuest argues that it has the sole right to sell the eDoc software, yet there is no provision that it has *any* right to sell the software. In fact, it is not allowed to sell its "HQ System" or "HQ Services" to anyone until the eDoc software source code has become "fully integrated and embedded into the HQ System to a degree that the eDoc Software will no longer be identifiable as a software program independent of the other components' of the HQ System . . . ." (Software License Agreement, ECF 61, Ex. 3 at § 3(b)). This language certainly does not contemplate any right to sell or distribute the software, as incorrectly claimed by HyperQuest. Further, HyperQuest could not transfer or license the software to another entity without Safelite dictating and severely limiting the terms of the sublicense. (*Id.* at § 2(a)). HyperQuest has failed to demonstrate that it has standing to sue for copyright infringement.

## **CONCLUSION**

Based upon the foregoing, Defendants NuGen, I.T., Inc. and Dayle Phillips respectfully ask this Court to enter its Order:

1. Dismissing this action for lack of subject matter jurisdiction;

2. Awarding Defendants' fees and costs incurred in bringing their Motion and in defending this meritless action; and

3. Awarding such other, further, and different relief, as this Court deems just.

DB04/811922.0003/510078.1

Dated this 13th day of June, 2008.

          Respectfully submitted,

          NUGEN I.T., INC. AND DAYLE PHILLIPS

          By:   s/ ***Nora M. Kane***
              Mark J. Peterson (*pro hac vice*)
              Nora M. Kane (*pro hac vice*)
              STINSON MORRISON HECKER LLP
              1299 Farnam Street, 15th Floor
              Omaha, Nebraska  68102-1818
              Phone:  (402) 342-1700
              Fax:     (402) 930-1701
              mpeterson@stinson.com
              nkane@stinson.com

          And

              Monte L. Mann
              Kristen Werries Collier
              NOVACK AND MACEY LLP
              100 North Riverside Plaza
              Chicago, IL  60606-1501
              Phone:  (312) 419-6900
              Fax:     (312) 419-6928
              mmann@novackandmacey.com
              kwc@novackandmacey.com

          Attorneys for Defendants

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 13th day of June, 2008, I electronically filed the foregoing Reply Brief in Support of Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

 Deborah Rzasnicki Hogan
 Chad A. Blumenfield
 GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD
 55 East Monroe, Suite 3300
 Chicago, IL  60603
 deborah.hogan@goldbergkohn.com
 chad.blumenfield@goldbergkohn.com

            s/ ***Nora M. Kane***
           Nora M. Kane