UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HYPERQUEST, INC., | Case No. 1:08-cv-00485 |
| Plaintiff, | |
| v. | **Judge Charles R. Norgle**<br>**Magistrate Judge Cole** |
| NUGEN I.T., INC., and DAYLE PHILLIPS, | |
| Defendants. | |

**DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendants, NuGen I.T., Inc. and Dayle Phillips (hereafter collectively "NuGen") respectfully submit this Reply Memorandum in support of their Motion to disqualify HyperQuest counsel Deborah Hogan and her law firm Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. (hereafter collectively "Hogan"). A standard protective order is insufficient to protect NuGen's confidential and proprietary information from the substantial risk of inadvertent disclosure because HyperQuest's lead counsel is the wife of its president and, therefore, the unique facts of this case merit her disqualification. Ms. Hogan's arguments to the contrary are unconvincing.

**ARGUMENT**

**I.    NuGen's Request for a Protective Order is Proper**

NuGen does not want to produce its confidential business documents to Ms. Hogan because she is married to its competitor's President and founder, and there is legitimate discomfort that she will someday inadvertently disclose this highly sensitive material. Ms. Hogan refused to voluntarily withdraw from the case. Therefore, NuGen is seeking protection

from the Court via the instant Motion for Protective Order. HyperQuest and its counsel confuse the term "protective order" as provided for in Rule 26(c) with the "Stipulation and Protective Order" (ECF 57) entered into by the parties and which governs the disclosure, designation and dissemination of discovery documents in this matter. The pending Motion is the proper vehicle for relief and HyperQuest's contrary position is unavailing. *See, e.g., Gall v. St. Elizabeth Medical Center,* 130 F.R.D. 85, 86 (S.D. Ohio 1990) ("The exclusive means for obtaining a formal ruling by a court on a discovery objection are set forth in the reciprocal provisions of Rules 26, 30, and 37for motions for protective order or to compel.").

## II.     An Occurrence of an Ethical Violation is not a Prerequisite to Disqualification

NuGen asserts that Ms. Hogan will likely feel divided loyalty that could affect her representation and her ability to keep her roles as wife and attorney separate when advocating for her husband. This Court has previously noted that a firm's "divided loyalty" is a legitimate concern relating to its ability to fairly represent a client. *See, e.g., Reuben H. Donnelley Corp. v. Sprint Publishing & Advertising, Inc.,* 1996 WL 99902 at *3 (N.D. Ill. February 29, 1996) (discussing possibility of disqualification of a law firm representing competing interests of related corporations, but with the representation occurring in separate firm offices in multiple cities, and noting, "[w]hen different faces represent the corporations in each litigation, the firm is less likely to feel any divided loyalty that could affect its representation."). Courts considering whether to bar counsel from reviewing certain information have often held that protective orders are appropriate where an attorney involved in "competitive decision-making" would be placed in the "untenable" position of choosing between advising her client based upon confidential information covered by the protective order and obeying the protective order. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992).

HyperQuest complains that NuGen has not cited a case that presents the same facts, but HyperQuest has not cited any either, and relies almost exclusively on cases dealing with analysis of former / current client conflicts, which present inapposite facts.[1] The reason that disqualification is considered with extreme caution is to safeguard the parties from harassment. *Freeman v. Chicago Musical Instrument Co.,* 689 F.2d 715, 722 (7th Cir 1982). Here, NuGen intended no harassment and took care to impart its legitimate concerns to Ms. Hogan during counsel's first phone call, to allow her time and opportunity for a dignified withdrawal. The fact that Ms. Hogan went on to bill 200 hours on motion practice, knowing NuGen would seek disqualification, is hardly a defense to the motion. Likewise, HyperQuest's complaints that a substitution of counsel will cause an inconvenience of time "while HQ is forced to compete with an infringing product in the marketplace" (ECF 80 at 6) is meritless. If time were a concern, HyperQuest could have, but did not seek a temporary injunction.

As for the viability of the "appearance of impropriety" standard, NuGen acknowledges that it was purportedly displaced in 1983, but notes that this Court applied the standard in 2001. *See Commonwealth Ins. Co. v. Stone Container Corp.,* 178 F.Supp.2d 938, 943 (N.D. Ill. 2001) (quoting *International Business Machines Corp. v. Levin,* 579 F.2d 271, 283 (3d Cir. 1978)).

## **CONCLUSION**

As noted in NuGen's opening brief, Ms. Hogan would not be able to "unlearn" secrets and information gleaned from NuGen's confidential and proprietary documents. A protective order screening her and her firm from proprietary documents will not adequately protect NuGen. Allowing her access to such documents and information could jeopardize NuGen's competitive position in the parties' industry. Ms. Hogan has not adduced facts or law to lead to a contrary

---

[1] It is presumed that the dearth of such precedent is attributable to the fact that corporations generally do not hire the president's spouse as litigation counsel.

decision. Based on the foregoing, NuGen respectfully requests that this Court grant its Motion to Disqualify and for such other, further, and different relief as this Court deems just and equitable.

Respectfully submitted this 17th day of June, 2008.

        NUGEN I.T., INC. and DAYLE PHILLIPS

        By:    s/ ***Nora M. Kane***

            Mark J. Peterson (*pro hac vice*)
            Nora M. Kane (*pro hac vice*)
            STINSON MORRISON HECKER LLP
            1299 Farnam Street, 15th Floor
            Omaha, Nebraska  68102-1818
            Phone:  (402) 342-1700
            Fax:     (402) 930-1701
            mpeterson@stinson.com
            nkane@stinson.com

        And

            Monte L. Mann
            Kristen Werries Collier
            NOVACK AND MACEY LLP
            100 North Riverside Plaza
            Chicago, IL  60606-1501
            Phone:  (312) 419-6900
            Fax:     (312) 419-6928
            mmann@novackandmacey.com
            kwc@novackandmacey.com

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of June, 2008, I electronically filed the foregoing Defendants' Reply Memorandum in Support of Its Motion for Protective Order using the CM/ECF system which sent notification of such filing to all counsel of record, properly addressed as follows:

Deborah Rzasnicki Hogan
Chad A. Blumenfield
GOLDBERG, KOHN, BELL, BLACK,
  ROSENBLOOM & MORITZ, LTD
55 East Monroe, Suite 3300
Chicago, IL  60603
deborah.hogan@goldbergkohn.com
chad.blumenfield@goldbergkohn.com

 s/ ***Nora M. Kane***
Nora M. Kane

DB04/811922.0003/526615.1