UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.1
Eastern Division

Hyperquest, Inc.
                        Plaintiff,

v.                                                 Case No.: 1:08−cv−00485
                                                Honorable Charles R. Norgle Sr.

Nugen I.T., Inc., et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 27, 2008:

      MINUTE entry before the Honorable Jeffrey Cole:On 6/18/08, Judge Norgle granted the defendant's motion to dismiss for lack of personal jurisdiction. A question has arisen as to the return of documents provided in discovery designated "confidential" and/or "experts eyes only." I asked the parties to appear this morning to discuss these and related questions. Under the terms of the Stipulation And Protective Order, " [u]pon the completion of any proceedings in this matter including appeals, the parties' counsel shall collect all Confidential Information," and take the action prescribed in paragraph 9 of the Stipulation And Protective Order. The parties appear to be largely in agreement (at least in principle) as to what should be done with the documents which have thus far been provided exclusively for the experts' review during the course of any appeal from Judge Norgle's order, should such an appeal be taken. to the Seventh Circuit. They do not agree, however, on whether the experts should be allowed to continue to review the information in their possession and engage in the kinds of discussions that had previously been permissible before Judge Norgle ruled during the period of any appeal of his order of dismissal. That precise question is not explicitly addressed in the Stipulation And Protective Order. After hearing the very persuasive arguments from both sides, it seems to me that the most appropriate resolution of the dispute is to order the plaintiff to have no further discussions with its experts regarding the documents that its experts have been considering under the "experts eyes only" designation or to have any further discussion regarding any conclusions, whether tentative, provisional or final, that they might have reached based upon their review of those documents. This order shall remain in effect until further order of court. The case is set for further status on 7/22/08 at 8:30 a.m. By that time, Hyperquest will have decided whether it is appealing Judge Norgle's order and may have decided what further steps are to be taken to pursue its claims in another jurisdiction. On the continuing obligations of parties under a protective order, see generally Kyles v. J.K. Guardian Sec. Services, 2006 WL 234238 (N.D.Ill. 2006). A final point. counsel for the defendant has written to the plaintiff's expert apparently demanding the immediate return of certain documents. Based on our discussion this morning, that demand appears premature and puts the expert in an uncomfortable position. Mr. Peterson, counsel for the defendant, has agreed to rescind that letter and that seems to be the appropriate resolution of that particular controversy. All of the lawyers in the case are to be complimented for their professionalism, cooperativeness, efficiency and dedication to

their clients' interests. Mailed by Judicial Staff. notice(cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.