

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| HYPERQUEST, INC., | ) | |
| | ) | **Case No. 08 C 485** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **Judge Charles R. Norgle** |
| NUGEN I.T., INC. and DAYLE | ) | **Magistrate Judge Cole** |
| PHILLIPS | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |

### AGREED ORDER

This matter having been dismissed for lack of personal jurisdiction, and the parties having entered into a protective order in this matter, the parties hereby agree, and it is hereby ORDERED that:

1. Following the dismissal of this matter, this Court retained jurisdiction to adjudicate issues relating to the protective order to which the parties agreed.

2. The expert retained by HyperQuest, Inc. ("HyperQuest") is Edward L. Goings of KPMG LLP ("Mr. Goings"). In the course of this litigation, NuGen I.T., Inc. ("NuGen") and Dayle Phillips (collectively "Defendants") have produced to Mr. Goings information that Defendants consider confidential.

3. Mr. Goings shall send to Mark Peterson, a lawyer from Stinson Morrison Hecker LLP representing the Defendants, the materials that Mr. Goings received from Defendants ("Produced Materials").

4. Mr. Peterson is to retain the Produced Materials in Stinson Morrison Hecker LLP's offices in a segregated location until October 30, 2008. If HyperQuest files suit against either of the Defendants on or prior to October 30, 2008, Mr. Peterson is to retain

the Produced Materials pending further order of court.  This time may be extended only by order of this Court or by agreement of the parties.

5.  Mr. Goings has performed some analysis based on the Produced Materials, and KPMG now has notes, analyses and other work product relating to the Produced Materials ("KPMG Work Product").  Mr. Goings shall send the KPMG Work Product to RBS CITIZENS, N.A., the escrow agent to whom the parties have agreed ("Escrow Agent").

6.  If HyperQuest has filed suit against either of the Defendants on or prior to February 1, 2009, the Escrow Agent shall retain the KPMG Work Product pending further order of court.

7.  If HyperQuest has not filed suit against either of the Defendants on or prior to February 1, 2009, HyperQuest will direct the Escrow Agent, in writing, to destroy the KPMG Work Product, and will send a copy of that correspondence to NuGen.  If HyperQuest has not filed suit against either of the Defendants on or prior to February 1, 2009, and NuGen has not received a copy of such a letter by email sent to NuGen's counsel on or prior to February 2, 2009, NuGen may seek appropriate relief from this Court.  If this Court concludes that HyperQuest has failed to act in accordance with this Order, NuGen will be entitled to recover its reasonable attorneys' fees and costs it incurs in obtaining said relief.  The February 1, 2009 date may be extended only by order of this Court or by agreement of the parties.

8.  This Court retains jurisdiction to enforce this agreed order.

Magistrate Judge Jeffrey Cole
United States District Court

9|8|08

-2-